## ANDREW MORAWIETZ v. THE STATE.

### No. 2756. Decided May 11, 1904.

**1.—Bribery—Justice of the Peace—Indictment.**

An indictment for bribing a justice of the peace for not causing the arrest of a person accused of carrying on and about his person a pistol, should allege that it was for unlawfully carrying such pistol.

**2.—Same—When Guilty of Bribery.**

Where it is shown that a justice of the peace had good cause to believe that a person was guilty of the offense of unlawfully carrying on and about his person a pistol, while there was no statute authorizing him directly to cause his arrest, he was authorized to summon witnesses, and if it developed that such person was probably guilty of such offense, it became his duty to have him arrested and tried, and if the justice in consideration of a bribe failed to institute proceedings, he would be guilty of bribery regardless of the actual guilt of the person to be arrested and tried.

**3.—Indictment—What It Should Allege.**

See opinion for allegations required in an indictment against a justice of the peace for accepting a bribe not to cause the arrest and trial of a person guilty of unlawfully carrying a pistol.

**4.—Accomplice—Charge of the Court.**

Where the evidence showed that a deputy sheriff, knowing the facts, received half of the amount of the money with which it was alleged the justice of the peace was bribed, the former was an accomplice and it was error not to so instruct the jury.

Appeal from the District Court of Karnes. Tried below before Hon. James C. Wilson.

Appeal from a conviction of accepting a bribe as a judicial officer; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*M. B. Little* and *Davidson & Bailey,* for appellant.—Appellant's first proposition is that the motion to quash the indictment should have been sustained, upon the theory that it was no part of the duty of the justice of the peace, and no authority was lodged in him in law, to cause the arrest of the said witness Pat Reily for carrying a pistol, and therefore the bribe was given and accepted, if given and accepted at all, to appellant on condition that he would not perform an official act which, under the laws of this State, he had no authority or power to perform, nor was the performance of the same in any manner his duty as such judicial officer under the Constitution and laws of this State.

He further submits that to constitute the offense of bribery, or the offense of accepting a bribe, it is necessary that the gift, advantage or emolument be bestowed for the purpose of inducing the officer to do a particular act in violation of his duty, and the gift, advantage or emolument must precede the act. Hutchinson v. State, 36 Texas, 293; Messer v. State, 37 Texas Crim. Rep., 635; Moore v. State, 69 S. W. Rep., 521; Green v. State, 42 Texas Crim. Rep., 549; see also Ex parte Richards, 7 Texas Ct. Rep., 24.

Appellant in his motion for a new trial assails this charge as being defective in this, that it should also have charged the jury that the wit-

ness Leo Brown and the witness Jendrisch were also accomplices and that appellant could not be convicted unless the testimony of the three witnesses was corroborated.

*Howard Martin,* Assistant Attorney-General, for the State.—The State submits that, if appellant accepted a bribe from Pat Riley under an agreement with said Riley that he (appellant) as justice of the peace would not cause the arrest of said Riley for unlawfully carrying a pistol, he was guilty of the offense denounced in said article 126, Penal Code, because he was bribed to omit to do an act in violation of his duty as an officer, which duty was to cause the arrest of said Riley by lawful means for having violated the law in carrying a pistol, in order that said Riley might be brought to punishment. See article 941, Code of Criminal Procedure, which authorizes the way and manner a justice may cause the arrest.

HENDERSON, JUDGE.—Appellant was convicted of accepting a bribe, as a judicial officer, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal. The facts are substantially, as follows: Appellant was a justice of the peace of precinct No. 8 in Karnes County. About the 4th day of November, 1903, there was a gathering or dance at a little place called Panna Maria, in said precinct. Pat Riley attended said dance, and appellant was also there. Some time during the progress of the dance appellant was informed that said Riley had a pistol on. Appellant called him out of the house and demanded to know if he had a pistol on him, which Riley denied. Appellant laid hold of him and began to search him. Riley resisted, backed off, and about this time appellant called Jendrisch, a deputy sheriff, to come to his assistance. During the scuffle Riley continued backing away from them, appellant telling him that he was a justice of the peace and demanding to search him for his gun. In the scuffle Riley dropped his gun near the wall of the house and succeeded in getting away from the parties. After he had gone appellant told Jendrisch that he believed Riley must have dropped his gun there somewhere, and they then proceeded to strike a match and search the ground, and found his pistol near the house. A little while after this, when the dance broke up, appellant again called Riley to one side, and had a talk with him in regard to the pistol; told him that they had found the pistol, and he had better settle up; that if he would come to town the next day, "it would all be settled, and it would all be squashed;" that it would not cost much, but did not state the amount. The next day Riley and one Brown, who was with him at the dance, came in their buggy to Panna Maria for the purpose of settling the matter of his carrying the pistol. Riley and Brown and appellant with Jendrisch got together, and appellant told Riley that $10 would settle it; that for $10 the charge against Riley for carrying the pistol would all be "squashed;"

and nothing more be said about it; that appellant then told him he would take $10 for the pistol, and it was agreed that it was worth $10, and Riley then paid him $10 for the pistol; that he borrowed $3 of the money from Brown, his companion, and the other $7 from another party in town; and that Jendrisch put the pistol in the buggy. It was also shown in this connection that appellant paid Jendrisch $5 of the money he received from Riley. This is a sufficient statement of the case in order to discuss the propositions of law.

The indictment against appellant was in two counts: The first count alleged that there was then and there pending before appellant in his official capacity, the question whether one Pat Riley should be arrested and fined for the offense of carrying on and about his person a pistol in Karnes County, etc., then followed an allegation that appellant accepted a bribe of $10 in money on condition that he would not fine said Pat Riley for said offense. The second count charges that said appellant was a justice of the peace of said precinct No. 8 in Karnes County, and there was then and there pending before said appellant in his official capacity the question whether or not one Pat Riley should be fined for carrying on and about his person a pistol in Karnes County; and the said appellant then and there accepted the bribe of $10 in money from the said Pat Riley on condition that he, as justice of the peace, would not cause the arrest of said Pat Riley for said offense, in order that he might be brought to punishment, etc. Motion was made to quash the indictment, which the court overruled. In a general way it would appear that the two counts in the indictment are good, except it would seem that it should have been alleged that the offense against Pat Riley was for *unlawfully* carrying a pistol. However, the principal question as to the legality of the conviction is whether the facts, as presented in the record, are covered by the allegations in the indictment. This involves the question whether it was the duty of appellant as justice of the peace to cause Riley to be arrested and tried for the offense of carrying a pistol. It will be conceded that appellant was a judicial officer, but was not a peace officer, as those officers are defined under our statute. It will also be conceded that the facts in this record show that appellant knew or had reason to believe that Riley was guilty of the offense of unlawfully carrying a pistol on and about his person. Knowing this, did he have authority, or was it his duty, to order the arrest of said Riley, or to require his arrest. There are a number of statutes giving authority to justices of the peace to require arrest in certain cases, as where an offense classed as a felony or breach of the peace is committed within his view or presence. Art. 248, Code Crim. Proc. Or where one is about to injure another in his person or property. Art. 108, Code Crim. Proc. But we know of no statute which authorizes the magistrate to require a peace officer to make an arrest in cases generally, where they may happen within the view or knowledge of the magistrate. The very fact that the statutes above alluded to

vest authority in special cases in a magistrate to order an arrest, would indicate that the power of a justice of the peace to order an arrest generally does not exist. There are other statutes which require peace officers to comply with such verbal orders and make arrest when authorized to do so by the justice of the peace. See art. 245, Penal Code. The pistol law, which has been referred to as constituting authority on the subject (art. 342, Penal Code) only gives the peace officer authority to arrest a person without warrant when he knows that such person is carrying a pistol of his own knowledge, or when he derives the information from some credible person. But this does not specially apply to magistrates, or authorize them to require peace officers to make the arrest of persons unlawfully carrying pistols. So this statute does not apply. And, in our opinion, none of the preceding statutes cover the case imposing on a justice of the peace in his official capacity the duty of ordering an arrest when he may know of his own knowledge that the person is guilty of carrying on and about his person a pistol. However, article 941, Code of Criminal Procedure, appears to define the duties of a justice of the peace when he has good cause to believe an offense has been committed. We quote said article, as follows: "When a justice of the peace has good cause to believe that an offense has been or is about to be committed against the laws of this State, he may summon and examine any witness or witnesses in relation thereto; and if it shall appear from the statement of any witness or witnesses that an offense has been committed, the justice shall reduce said statements to writing, and cause the same to be sworn to by the witness or witnesses making the same, and thereupon such justice shall issue a warrant for the arrest of the offender, the same as if complaint had been made out and filed against such offender." Here we have the circumstances under which the justice of the peace would be authorized to proceed in any case where he has good cause to believe that an offense has been committed. As disclosed by the record, appellant knew of his own knowledge, or certainly under the circumstances he had cause to believe, that Riley was guilty of the offense of unlawfully carrying on and about his person a pistol. There was no statute authorizing him directly to require Riley's arrest, but he was authorized to summon witnesses,—Brown, the companion of Riley, Jendrisch and others; and he could become a witness himself. Under the circumstances it was unquestionably his duty to institute proceedings against Riley and cause witnesses to come before him, and if it developed that he was probably guilty of the offense of unlawfully carrying a pistol, to have him arrested and tried. We accordingly hold that appellant as justice of the peace was obliged, under said statute, to institute procedings for the arrest of said Riley on account of said offense, and his failure to do so was a dereliction of duty, and if in consideration of this failure he received a bribe, he would be guilty of an offense without regard to the actual guilt of Riley.

There may be some question whether the indictment which here directly charged that it was the duty of appellant to cause the arrest of Riley, and his punishment, and he agreed not to cause his arrest for the sum of $10, was a sufficient allegation, under the facts in the case. There can be no question that appellant was indictable under the facts of this case under said statute. However, in our opinion, it should be alleged in the indictment that appellant was justice of the peace, and had good cause to believe that Pat Riley had committed the offense of unlawfully carrying on and about his person a pistol; that he was then and there authorized and required by law to summon and examine witnesses in relation thereto, and to reduce the statements of such witnesses to writing, and cause the same to be sworn to by them; and that upon evidence which showed that said Riley was probably guilty of the offense of unlawfully carrying a pistol on and about his person, it was the duty of said justice to issue a warrant for the arrest of said Riley; and it was further his duty to try him, and if found guilty, to punish him for said offense; but that said appellant as justice of the peace, in disregard and in violation of his said duty, did then and there agree with said Riley for and in consideration of $10 paid to him by said Riley, that he would not institute proceedings against him, and would not cause him to be arrested, tried and fined for said offense of unlawfully carrying a pistol; and that said appellant having good cause to believe that said Riley was guilty of said offense, did then and there accept said $10 from the said Riley, with the understanding and agreement as above charged, which agreement and understanding was in violation of the duty of the said appellant as justice of the peace as aforesaid, etc. We would suggest that a new indictment be found embracing substantially the allegations as above stated.

Appellant also excepted to the charge of the court on accomplice, his contention being that the court instructed the jury that Pat Riley, who was a witness on behalf of the State, was an accomplice, and gave no instruction with reference to any other witness who may have testified. He insists that Jendrisch and Brown, according to the evidence, were as much accomplices as Riley. We have examined the record carefully, and in our opinion appellant's contention in this regard is correct. Indeed, as to Jendrisch it occurs to us that being a peace officer he was himself, as a peace officer, guilty of taking a bribe. He was cognizant of all that the justice of the peace knew as to the commission of the offense, and was present when the agreement was made to dismiss, or as they term it, "to squash" the case, and accepted half of the money. If these acts do not constitute him an accomplice it is difficult to determine what acts would.

For the error discusesd the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*