### J. B. HOOKS v. THE STATE.

#### No. 2594.   Decided June 25, 1913.

**1.—Carrying Pistol—Presiding Officer of Election—Peace Officers.**

A presiding officer of an election, while in the performance of his duty, is a peace officer under the provisions of the law and is entitled to carry a pistol.

**2.—Same—Election Law—Presiding Officers.**

The Terrell Election Law clothes presiding officers of elections with the power of District Judges under such circumstances as well as the judges of primary elections, and under the Constitution and laws all judges of courts of this State shall, by virtue of their office, be conservators of the peace.

**3.—Same—Personal Difficulty.**

The fact that a presiding officer of an election may have had a personal difficulty while so serving would not militate against his right to carry a pistol.

Appeal from the County Court of Hardin.   Tried below before the Hon. W. W. Dies.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*T. B. Coe* and *John L. Little,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying on and about his person a pistol.

It is deemed necessary to discuss only one question. There are two conceded and unquestioned facts in the record, first, that appellant had the pistol and exhibited it, and fired it twice; second, that he was presiding officer of the election at the time and had the pistol at the polling place where he was holding the election. There is a contested issue in the testimony, towit: that the party alleged to have been assaulted at the time, who was also at the place of holding the election and in the room, had made or was about to make an assault on appellant by drawing his knife on him. That witness denied drawing his knife, but several witnesses testify that he did pull his knife out, and when he did appellant drew his pistol and fired and the other party left. The issue, however, upon which this case must depend for solution is, whether appellant had the right to have the pistol at the polling place, he being the presiding officer of the election. This matter is presented in several ways and in such manner the question must be decided.

Under the law we are of opinion the judgment should be reversed. By the terms of section 67 of what is known as the Terrell Election Law, "the presiding officer of elections, while in the discharge of his duty as such, shall have the power of the district judge to enforce order and keep the peace." By the terms of section 134 of the same law it is provided: "Judges of primary elections have the same authority and it shall be their duty to administer oaths, to preserve order at the election, to appoint special officers to enforce observance of order, and to make arrests as is conferred on judges of general elections. Such judges and officers shall compel the observance of the law and shall arrest or cause to be arrested anyone," etc. Article 477 of the Revised Criminal Statutes provides a punishment for carrying a pistol at and around election places during election hours. However, it is provided in the following article, 478, that the same shall not apply to peace officers, or other persons authorized or permitted by law to carry arms at the places therein designated. Article 5, section 12, of the Constitution provides that, "All judges of courts of this State shall, by virtue of their office, be conservators of the peace throughout the State." Article 5, section 15, provides, "And there shall be elected in each county a county judge, who shall be a conservator of the peace." Other provisions of the law might be cited, but these are cited to show that under the provisions of the Constitution and the law, that judges of the courts are conservators of the peace and authorized to carry arms for the purposes specified and stated in the law and the Constitution, and under the circumstances therein mentioned. The Terrell Election Law clothes presiding officers of elections with the power of district judges, under such circumstances, as well as the judges of primary elections. It is deemed unnecessary to go into anything like an elaborate statement of these matters, or to amplify or discuss them at length. In Jones v. State, 65 S. W. Rep., 92, this court, in an opinion by Judge Henderson, held that a judge was a conservator of the peace and a peace officer and entitled to carry a pistol. That opinion classified him as a peace officer. It is unques-

tionably the law, and that case is cited without additional reasons. Under quoted provisions of the law and the decision of Jones v. State, ·supra, appellant had the legal right to carry a pistol at the place of holding the election, as he was presiding officer. As to the merits of the controversy between him and the party at whom he shot, as to the right or wrong on the part of the contending parties in that difficulty, would make no difference. He had the right to have the pistol, and if the party was undertaking to interfere with his duty as presiding judge or officer of that election, he may have had the right of self-defense, or the correctness of his action in that matter would not determine the fact that as presiding judge he had a right to carry the pistol any more than it would determine the right of the sheriff to carry a pistol if he was in the wrong in some personal difficulty in which he might use the pistol he was carrying. In that event the sheriff would not be violating the law in carrying the pistol, whatever might be the merits of the difficulty in which he engaged with the other party. The facts introduced show that appellant was not violating the law in having the pistol at the time, therefore, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*