## H. M. TIPPETT V. THE STATE.

### No. 4244.   Decided November 15, 1916.

**1.—Carrying Pistol—Judge Corporation Court—Peace Officer.**

A judge of a Corporation Court is a peace officer under section 12, article 5, of the Constitution of Texas, and has a right to carry a pistol, although he is not in the discharge of any official duty.  Following Jones v. State, 65 S. W. Rep., 92.

**2.—Same—Judicial Construction—Stare Decisis.**

See opinion for a discussion of the various articles in the Penal Code in which the writer of the opinion holds that if the question of carrying the pistol by certain officers was not stare decisis, he might hold differently, but bases his opinion of affirming the judgment on Jones v. State, supra.

Appeal from the County Court of Lavaca.  Tried below before the Hon. P. H. Green.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Will T. Bagby,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Featherstone v. State, 35 Texas Crim. Rep., 612; Veal v. State, 58 id., 340; Lattimore v. State, 65 Texas Crim. Rep., 490; West v. State, 26 Texas Crim. App., 99; Vernon's Criminal Statutes, vol. 1, pp. 211-212.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol and his punishment assessed at a fine of $100.

The agreed statement of facts is short, and we copy it herein, towit: "That at the time charged in the information the City of Hallettsville was a duly incorporated city under the general laws of the State of Texas.  That it is the county seat for Lavaca County, Texas.  That at said time this defendant, H. M. Tippett, was the duly elected, qualified and acting mayor of said city.  That by virtue of his office he was also judge of the Corporation Court of said city.  That on or about the time alleged in said information, and while holding the official position aforesaid he had on or about his person a pistol in said City of Hallettsville.  That at the time he had said pistol he was not engaged in the discharge of any special or particular duty as such civil officer."

It is thus seen that appellant is under the law judge of the Corporation Court of the City of Hallettsville; that he carried a pistol; and at said time was not in the discharge of any official duty.

Were this an original proposition the writer would hold that appellant, under the law, was not entitled to carry weapons except when in the discharge of his official duties, but a different construction has been placed on the Constitution and laws of this State by this court.

In Jones v. State, 65 S. W. Rep., 92, this court held, that by virtue of section 12 of article 5 of the Constitution all judges of the courts of this State are not only judicial officers and civil officers, but peace officers also. In that case, Jones was a county judge, carried a pistol when not in the discharge of his duties, and this court held that he had a right to carry the pistol by reason of the fact that article 476 exempts peace officers from the provisions of article 475, and that the Constitution by section 12 of article 5 made all judges peace officers. If under the provisions of that section of the Constitution a county judge is a peace officer, then there is no escape from holding that a judge of the Corporation Court is also a peace officer. Chapter 5 of title 22, Revised Statutes, creates this court and provides for a judge of the court, and if all judges are peace officers by virtue of the constitutional provision hereinbefore recited, then appellant by virtue of being judge of the Corporation Court would be a peace officer and authorized to carry a pistol even when not in the actual discharge of the duties of the office. The Criminal Code authorizes peace officers to carry pistols at any and all times, but other civil officers to carry them only when in the discharge of their duties. The code makes this distinction. Under the authority of the Jones case, supra, the judgment is reversed.

Were this an original proposition the writer would hold that the Legislature in exempting peace officers from the provisions of article 475, intended and in fact did exempt only such officers as it, the Legisture, had defined as peace officers in article 43 of the Code of Criminal Procedure. It defines as peace officers sheriffs, and their deputies, constables, marshals or policemen of incorporated cities or towns, and private citizens specially appointed to execute criminal process. We think this the class intended to be exempted by the Legislature, and that judges, being judicial and civil officers, would only be exempt when in the discharge of their duties.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*