[Civil No. 2330.   Filed June 19, 1925.]

[237 Pac. 179.]

## In the Matter of the Application of STEPHEN H. ABBEY for a Writ of Habeas Corpus.

1. WEAPONS—JUDGES OF SUPERIOR COURT ARE NOT "PEACE OFFICERS" WITHIN EXCEPTION IN STATUTE PERMITTING SUCH OFFICERS TO CARRY CONCEALED WEAPONS.—Under Penal Code of 1913, section 419, judges of superior court are not "peace officers" within exception in section 426 permitting such officers to carry concealed weapons, and are not entitled to carry such weapons unless engaged in suppressing a riotous or unlawful assembly, or in arresting the participants therein in view of sections 826, 833, 834, 841, though referred to in section 7, subdivisions 8, 9, not being applicable.

2. CRIMINAL LAW—PROSECUTION OF OFFENSE COMMITTED IN ONE PRECINCT MAY NOT BE COMMENCED IN ADJOINING PRECINCT, EXCEPT FOR REASONS ENUMERATED IN STATUTE.—The jurisdiction of a justice of the peace being limited to offenses committed in his precinct, subject to the right of change of venue, a prosecution of an offense committed in one precinct may not be commenced in an adjoining precinct under Penal Code of 1913, section 1308, except when he is absent from precinct or for some reason unable to act.

See (1) 33 C. J., p. 924, n. 34; 40 Cyc., p. 857, n. 50.   (2) 16 C. J., p. 158, n. 68, p. 159, n. 71.

APPEAL from an order of the Superior Court of the County of Maricopa.   F. C. Struckmeyer, Judge. Reversed.

Mr. E. P. Patterson, for Appellant.

Mr. Thomas A. Flynn and Mr. James P. Lavin, for Appellee.

McALISTER, C. J.—This is an appeal by the sheriff of Pinal county, from an order entered in a *habeas corpus* proceeding discharging from his custody Stephen H. Abbey.

2.  See 8 R. C. L. 99.

The petition for the writ, which was granted by the Honorable F. H. LYMAN, a judge of the Supreme Court of this state, and made returnable before the Honorable F. C. STRUCKMEYER, judge of the superior court of Maricopa county, alleges, among other things, that Stephen H. Abbey was the duly elected, qualified, and acting judge of the superior court of Pinal county; and that he was imprisoned and restrained of his liberty by the sheriff of said county in the county jail at Florence; that his imprisonment was illegal, in that prior thereto no complaint charging him with the commission of any criminal offense had been filed, and no warrant of arrest directing his imprisonment was issued by any officer authorized to issue criminal warrants; that no commitment for his imprisonment had been issued by any officer authorized to issue commitments; that, since his imprisonment, he had been denied the right to consult with counsel, and also the right or opportunity of furnishing bail or other recognizance for his appearance to answer whatever criminal charge had been preferred against him.

In response to the writ, the sheriff produced the body of said Stephen H. Abbey in court, and answered that he had him incarcerated in the county jail of said county by virtue and authority of a warrant theretofore issued by C. C. McMurphy, justice of the peace of precinct No. 2 of said Pinal county, a copy of which was attached to the answer and made a part thereof. Omitting the formal parts it reads:

"A complaint on oath having been this day laid before me, by Harry Botts that the crime of carrying concealed weapons, a misdemeanor, has been committed, and accusing Stephen H. Abbey thereof, you are therefore commanded to forthwith arrest the above-named Stephen H. Abbey and bring him before me at Casa Grande, or, in case of my absence or inability to act, before the nearest and most accessible magistrate of this county.

"Dated at Casa Grande, this 19th day of May, 1924. [Signed] C. C. McMurphy, Justice of the Peace of Said Precinct."

The complaint upon which this warrant was issued was not made a part of the record, but it will be observed from the warrant that the crime charged was that of carrying concealed weapons. Section 426 of the Penal Code, defining this offense, is as follows:

"It shall be unlawful for any person (except a peace officer in actual service and discharge of his duty), to have or carry concealed on or about his person, any pistol, or other firearm," etc.

It was contended in behalf of Judge ABBEY that no offense had been either charged or committed, for the reason that a judge of the superior court is, under the statutes of this state, a police officer, and therefore permitted to have or carry concealed weapons, while appellant's contention was that he was not such an officer, and therefore did not fall within the exception in paragraph 426. Several irregularities in the proceedings were suggested and urged, but the court brushed them aside as insignificant, and stated that the main question presented by the return was:

"Does the complaint filed before the justice of the peace state the commission of a public offense?"

If it did not, Judge ABBEY was of course entitled to his discharge upon the return; otherwise the writ should have been quashed. After considering the matter, the court upheld his position and discharged him, whereupon the sheriff, being dissatisfied with this ruling, brought the proceedings here for review.

The respective contentions grow principally out of a difference in construction of subdivisions 8 and 9 of paragraph 7 of the Penal Code of 1913, reading as follows:

"(8) The words 'peace officer' signify any one of the officers mentioned in section 833 of this Code.

28 Ariz.—25

"(9) The word 'magistrate' signifies any one of the officers mentioned in section 826 of this Code."

Turning to the two sections mentioned, one finds the following language:

"833. A magistrate is an officer having power to issue a warrant for the arrest of a person charged with a public offense."

"826. Except as may be otherwise provided by law every offense committed against the laws of this state shall be tried in the county in which the offense is committed subject to the right to change the place of trial as provided in this Code."

A mere reading of these sections discloses that they are not the ones referred to in subdivisions 8 and 9. The words "peace officer," as used in subdivision 8, refer to several kinds or classes of officers, while only one, namely, "magistrates," is mentioned in 833, and besides, when the term "peace officer" is used it has reference to those officers whose duty it is to arrest those charged with violating the penal laws, and not to those upon whom the statute imposes the duty of issuing warrants for the arrest of such persons. And 826 deals entirely with the question of the venue of offenses committed in this state, and has no reference whatever to those officers designated in subdivision 9 as magistrates. Subdivision 841, however, tells us who are peace officers in this state, and section 834 who are magistrates. They are in these words:

"841. Peace officers are sheriffs of counties, and constables, marshals and policemen of cities and towns respectively."

"834. The following persons are magistrates; (1) The Chief Justice and the Judges of the Supreme Court; (2) the superior court judges; (3) justices of the peace; (4) police magistrates in cities and towns."

These sections have been a part of the law of Arizona at least since 1877, for in the Compiled Laws of

that year they appear as sections 504 and 498, and in the Revised Statutes of 1887, Penal Code, as 1276 and 1260, while the Code of 1901 carries them as 723 and 716. Though it appears in the 1913 Code that in the revision of that year the legislature enacted paragraph 7, subdivisions 8 and 9, as above quoted, yet in the acts of that body, on file in the office of the Secretary of State, the space where the figures 833 now appear is blank, and the words "page 471, P. C. 723" are written in the margin in pencil, and a line drawn from them to the blank space. The same is true of the space where the figures 826 are, except the marginal words there are "page 468–9, P. C. 716." These notations were evidently inserted by the Code Commissioner, and show that it was the purpose to insert in the blank spaces the numbers sections 723 and 716 of the Code of 1901 would take in the revision then being made. However, when the Code as revised was adopted by the legislature, the figures 833 and 826 instead of 841 and 834 were in some way inserted, but it seems so clear that it was a mistake that it is difficult to understand how it can even be contended otherwise. Interpreted in any other way, subdivisions 8 and 9 are entirely without meaning, while construing them thus upholds the legislative intent, and violates no canon of construction, for this court said, in *Brown* v. *State,* 25 Ariz. 518, 220 Pac. 225:

"It is not a violation of any canon of construction to substitute one word for another, or to supply or disregard a word in order to give effect to the obvious intention of the Legislature, where it is apparent that the wrong word has been used or the right one omitted."

It is contended, however, that, though magistrates are not named in section 841, they are nevertheless peace officers, and as such permitted to carry concealed weapons by virtue of other provisions of the

statute, and to sustain this contention respondent cites section 419, Penal Code, providing that—

"If a magistrate or officer, having notice of an unlawful or riotous assembly mentioned in this chapter, neglects to proceed to the place of assembly, or as near thereto as he can with safety, and to exercise the authority with which he is vested for suppressing the same and arresting the offenders, he is guilty of a misdemeanor."

The fact, however, that the law enjoins such a duty upon a magistrate and therefore justifies him in carrying whatever weapons are necessary to perform it does not confer upon him the authority to carry concealed weapons when he is not so engaged. In other words, it is only when he as a magistrate is obeying a special command of the statute, that is, when actually suppressing an unlawful or riotous assembly or arresting those taking part therein, that he may lawfully carry a concealed weapon. There is in the petition, however, no allegation that Judge ABBEY was so engaged when arrested.

In ordering him discharged, the court used this language:

"It has from time immemorial been deemed axiomatic of our law that persons invested with high judicial authority and duty are peace officers. The simple statement of the proposition should be sufficient without verification and exposition. Duties are cast upon the judges of the superior courts which they could only exercise as *ex-officio* peace officers. The fact that judges of the superior courts very sparingly exercise the power thus vested in them as peace officers does not militate against the existence of such power.

"An organized state of society must necessarily live by a set of rules or laws. The due and proper enforcement thereof is necessary. The judges of the superior courts in this state are the final and ultimate power and persons charged with the enforcement of the law, save and except the corrective and reviewing

power vested in the Supreme Court. This being so, can it be contended with any show of reason that the judges are not peace officers?"

As supporting this view, the court referred to *Jones* v. *State,* 65 S. W. 92, in which the Texas Court of Criminal Appeals held that county judges in that state are peace officers within the meaning of that term as used in the exception to the law making it an offense to carry concealed weapons. The Constitution of Texas, however, specifically provides that county judges are "conservators of the peace," and the court said that, inasmuch as the term "conservator" means a preserver or maintainer, it follows that one authorized to maintain or preserve the public peace is a peace officer. The same court, however, some 15 years later found it necessary to pass upon the proposition again, and while it upheld the ruling in *Jones* v. *State, supra,* it did so because the question was not one of first impression in that jurisdiction, for it used this language:

"Were this an original proposition, the writer would hold that the Legislature, in exempting peace officers from the provisions of article 475, intended and in fact did exempt only such officers as it (the Legislature) had defined as peace officers in article 43 of the Code of Criminal Procedure. It defines as peace officers sheriffs, and their deputies, constables, marshals, or policemen of incorporated cities or towns, and private citizens specially appointed to execute criminal process. We think this the class intended to be exempted by the Legislature, and that judges, being judicial and civil officers, would only be exempt when in the discharge of their duties." *Tippett* v. *State,* 80 Tex. Cr. R. 373, 189 S. W. 485.

Neither the Constitution nor the statutes of this state contain a provision similar to that of the Texas Constitution, and we are cited to no other authority holding that a judge of a court of record is an *ex-officio* peace officer. The functions of a judge and a

peace officer are entirely distinct; the former are wholly judicial, while the latter are altogether executive or administrative. "We readily concede," said the court in *Wilson* v. *King,* 3 Litt. (Ky.) 457, 14 Am. Dec. 84, in referring to the offices of deputy sheriff and justice of the peace, "that these two offices are clearly incompatible, both at common law and by the more potent constitutional principle which forbids the combination of executive and judicial powers in the same person." Judges, it is true, have final and ultimate power in the enforcement of the rules and laws an organized society must have, yet the powers of our government are so distributed that they have none except in the branch of the government to which they belong, and, such being true, it is not apparent how it can be held that they have powers possessed only by executive or administrative officers. To hold that they have is to say that such powers exist impliedly or as a mere incident to the office of judge, when a fair construction of the Constitution and the statutes leads to the conclusion that they are withheld. We are therefore clearly of the view that judges of the superior courts are not included in the exception mentioned in section 426, to wit, peace officers, and consequently that they have no greater right to carry concealed weapons, unless engaged in suppressing a riotous or unlawful assembly, or in arresting the participants therein, than has any other ordinary citizen.

It is urged that the order discharging Judge ABBEY was properly entered, for the reason that the prosecution was not commenced in precinct No. 1, where the offense was committed, but in precinct No. 2, and without any showing that the justice of the peace in precinct No. 1 was absent therefrom, or for any reason was unable to act in the case. The complaint was not made a part of the record, and we do not know what it contains, but we have presumed,

since the trial court brushed this contention aside, that it was filed and the warrant issued in conformity with the law. However, if there should be further proceedings in the matter, the case should be dismissed, if appellee's statement in this respect be correct, since the jurisdiction of a justice of the peace is limited to offenses committed in his precinct, subject to the right to change of venue as provided by law, and it is only when he is absent therefrom, or for some reason is unable to act, that the prosecution may be commenced in an adjoining precinct. Paragraph 1308, Penal Code 1913.

The order discharging the petitioner is therefore reversed.

ROSS and LOCKWOOD, JJ., concur.