

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 30, 1989

Honorable Fred Toler
Executive Director
Texas Commission on Law
   Enforcement Officer
   Standards and Education
1606 Headway Circle, #100
Austin, Texas    78754

Opinion No.  JM-1050

Re:  Clarification of Attorney
General Opinion JM-1028 (1989)
(RQ-1715)

Dear Mr. Toler:

On March 17, 1989,  we issued Attorney General  Opinion JM-1028 which concluded in answer to the last question  that a judge or magistrate  is not a  peace officer for  purposes of section 46.03  of the  Penal  Code, which  excepts  peace officers from the prohibition against carrying hand guns set out in section 46.02 of the code.  We have received  letters questioning this conclusion  on the ground  that article  V, section 12, of the  Texas Constitution provides that  judges are conservators of the peace and that the Court of Criminal Appeals has held  that conservators of  the peace are  peace officers within the exemption  from the prohibition  against carrying guns.  See  Patton v.  State, 86  S.W.2d 774  (Tex. Crim. App. 1935) (justice of  the peace); Tippett v.  State, 189 S.W. 485  (Tex. Crim. App.  1916) (judge of  corporation court); Hooks v. State, 158 S.W. 808 (Tex. Crim. App.  1913) (presiding officer of election, with power of district judge to preserve order); Jones v.  State, 65 S.W. 92 (Tex.  Crim. App. 1901) (county judge).

We have  reviewed the  conclusion of Attorney  General Opinion JM-1028  and have  determined  that it  is  correct. In view of  the questions  that have  been directed  to  us, however, we will amplify the  reasoning that led us to  this conclusion with particular reference to the opinions of  the Court of Criminal Appeals.

Jones v.  State, the  earliest case  on this  question, construed the  exemption from  the provision  on  unlawfully carrying  arms.   The  exemption  provided  in  part:   "The preceding  article  shall  not  apply  to . . . a  peace officer . . . ."  Penal  Code art.  339 (1895).   The  court found no indication that  the legislature intended to  limit

the exemption to the peace officers listed in the predecessor of article 2.12 of the Code of Criminal Procedure.

The Jones court cited article V, section 15, of the Texas Constitution, which designates a county judge as a conservator of the peace, and quoted the following dictionary definition: "A conservator of the peace is an officer authorized to preserve or maintain the public peace." Jones v. State, supra, at 92. It concluded that it "would therefore seem to follow" that a conservator of the peace is a peace officer. Id.

The court made it clear that the county judge's authority to carry a gun was not granted by the constitution but was a matter for the legislature to decide, stating as follows:

> Of course, it would have been competent for the legislature, in enacting the pistol law, to have prescribed what officers (naming them) were authorized to carry pistols; but when they used the general term, excluding from the operation of the law all 'peace officers,' it applied as well to those who were constituted peace officers under the constitution as to those who were created peace officers by the act of the legislature.

Id.

The courts in Hooks, Tippett, and Patton felt bound to apply the reasoning of Jones to judicial officers designated conservators of the peace by article V, section 12, of the Texas Constitution, but they did not necessarily find it persuasive. The opinion in Tippett stated as follows:

> Were this an original proposition, the writer would hold that the Legislature . . . intended and in fact did exempt only such officers as it (the Legislature) had defined as peace officers in article 43 [the predecessor of article 2.12] of the Code of Criminal Procedure.

Tippett v. State, supra, at 486.

The Patton court was "constrained to hold" in keeping with Jones and Tippett, that the justice of the peace was within the exemption from the hand gun law. Patton v. State, supra, at 776.

An officer designated a conservator of the peace by the constitution does not have the full range of statutory authority that a peace officer has, as shown by other opinions of the Court of Criminal Appeals. In Satterwhite v. State, 17 S.W.2d 823 (Tex. Crim. App. 1929), the court considered the authority of a justice of the peace to arrest a person without a warrant. In addressing this question, the court was concerned "solely with appellant's right as a private person to arrest without warrant." Id. at 825. The Satterwhite court went on to state as follows:

> While this court has held that a magistrate is a peace officer within the meaning of the terms of article 484, P.C. 1925, which among other things, makes inapplicable to peace officers the provisions of article 483, P.C. 1925, defining the offense of unlawfully carrying arms, we have also held that the duties of peace officers as defined by the statute are broader than those of a justice of the peace. A justice of the peace is a magistrate. Article 33, C.C.P. 1925. Under the statute relating to the duties of peace officers, a justice of the peace is not classified as a peace officer. Article 36, C.C.P. 1925. (Citations omitted.)

Id.; see Davis v. State, 275 S.W. 1060 (Tex. Crim. App. 1925); Morawietz v. State, 80 S.W. 997 (Tex. Crim. App. 1904).

Thus, it is the legislature's prerogative to decide which powers of peace officers should be granted to conservators of the peace. The Texas Constitution does not vest conservators of the peace with all powers of peace officers. If it did, a Texas judge probably would not be a "neutral and detached magistrate" as defined by the United States Supreme Court, and the arrest and search warrants he issued would be invalid because they did not comply with the requirements of the Fourth Amendment. See, e.g., Lo-Ji Sales, Inc. v. New York, 442 U.S. 319 (1979); Shadwick v. City of Tampa, 407 U.S. 345 (1972); Annot., 32 L.Ed.2d 970 (1973) (law enforcement officer or peace officer does not qualify as a neutral and detached magistrate). The narrow powers that accompany the title "conservator of the peace" are described on pages 7 and 8 of Attorney General Opinion JM-1028 (1989) and also in a Code of Criminal Procedure provision first enacted in 1846:

> Each sheriff shall be a conservator of the peace in his county, and shall arrest all

offenders against the laws of the State, in his view or hearing, and take them before the proper court for examination or trial. . . .

Code Crim. Proc. art. 2.17; Acts 1846, 1st Leg., § 7, at 265.

The 1973 revision of the Penal Code, unlike prior versions of the code, included a definition of "peace officer" for purposes of the code:

> (a)   In this code:
>
> . . . .
>
> (25) 'Peace officer' means a person so designated by the Code of Criminal Procedure, 1965.

Penal Code § 1.07(a)(25). Article 2.12 of the Code of Criminal Procedure, which designates various persons as peace officers, does not include judges or magistrates.

The Penal Code provision construed in Jones, Hooks, Tippett, and Patton was not limited by a legislative definition of "peace officer." Section 46.03 of the Penal Code is subject to the definition of "peace officer" quoted above. We now look to the statutory definition, and not to pre-1973 case law, to answer the last question in JM-1028. We reaffirm our answer to the last question in Attorney General Opinion JM-1028.

## S U M M A R Y

The Penal Code provision construed in Jones v. State, 65 S.W. 92 (Tex. Crim. App. 1901) and its progeny was not limited by a legislative definition of "peace officer." Section 46.03 of the Penal Code is subject to the definition of "peace officer" in section 1.07(a)(25) of the Penal Code. We now look to the statutory definition, and not to pre-1973 case law, to answer the last question in JM-1028. Attorney General Opinion JM-1028 is affirmed.

Very truly yours,

JIM MATTOX
Attorney General of Texas

p. 5462

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General