

# THE ATTORNEY GENERAL
## OF TEXAS

March 17, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Fred Toler
Executive Director
Texas Commission on Law
 Enforcement Officer
 Standards and Education
1606 Headway Circle, Suite 100
Austin, Texas 78754

Opinion No. JM-1028

Re: Whether a judge or magistrate is a "peace officer" for various purposes (RQ-1613)

Dear Mr. Toler:

You have requested an opinion on several questions relative to whether a judge or magistrate is a "peace officer" under various provisions of the law of this state. You ask:

> 1. Is each judge or magistrate a 'peace officer' as that term is used in Chapter 415 of the Government Code?

> 2. Is each judge or a magistrate a 'peace officer' as that term is used in the Code of Criminal Procedure?

> 3. Is each judge or magistrate a 'peace officer' as that term is used in the Penal Code?

> 4. If each judge or magistrate is a 'peace officer' under Chapter 415, must each be licensed by the commission as a peace officer and is each also covered by all the other provisions of that chapter including removal from office under certain conditions?

> 5. If each judge or magistrate is a 'peace officer' under the Code of Criminal Procedure, does each have all the duties, powers, privileges and responsibilities of a peace officer under that code?

Honorable Fred Toler - Page 2    (JM-1028)

> 6. If <u>no</u> judge or magistrate is a 'peace officer,' can they lawfully carry a handgun, under the Penal Code's peace officer non-applicable provision or under any other theory?

You state that your questions have been prompted by the position taken by justices of the peace contacting your office asking that their service as justices of the peace count as peace officer experience. You state they contend:

> As peace officers, they can lawfully carry handguns and should be credited by the commission under its rules with one month of peace officer service for each month of justice of the peace service for the purpose of determining when their peace officer license will deactivate or when they will be eligible for a higher peace officer proficiency certification.

Under chapter 415 of the Government Code the Texas Commission on Law Enforcement Standards is empowered to perform such functions as establishing minimum standards for licensing of peace officers, maintaining training programs and requiring weapons proficiency for persons seeking certification as peace officers.

Peace officer is defined in section 415.001 of the Government Code as follows:

> 'Peace officer,' for the purposes of this Act, means <u>any person employed or appointed as a peace officer under law, including but not limited to a person so designated by Article 2.12, Code of Criminal Procedure, or by Section 51.212 or 51.214, Education Code</u> . . . . (Emphasis added.)

A judge or magistrate is not one of the classifications or persons recognized as a peace officer under article 2.12 of the Code of Criminal Procedure nor does a judge or magistrate come within the security officer provisions of section 51.212 or 51.214 of the Education Code. However, section 415.001 does not limit "peace officer" to those defined in article 2.12 of the Code of Criminal Procedure and sections 52.212 or 51.214 of the Education Code. Section 415.001 does include <u>any person employed or appointed as a peace officer under law</u>.

Since a judge or magistrate does not come within any of the foregoing statutory definitions of a "peace officer," the resolution of your questions turns on whether a judge or a magistrate[1] is a person employed or appointed as a peace officer under law.

As ordinarily understood the term "judge" is limited to one who conducts or presides over a court of justice. 47 Tex. Jur. 3d Judges § 1. A "judge" is an officer or member of the tribunal constituting a court. 23 Words and Phrases Judge at 252.

Article V, section 1, of the Texas Constitution provides that judicial power shall be vested in courts designated therein, and in such other courts as may be provided by law. The meaning of judicial power is discussed in the Interpretive Commentary of Article V, section 1:

> Judicial power is often said to be the power to adjudicate upon, and protect the rights and interests of individual citizens and to that end to construe and apply the laws; or, as stated in Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933), it is the power of the courts to decide and pronounce judgments and to carry them into effect between persons and parties who bring cases before them for decisions. Under the

---

1. Article 2.09 of the Code of Criminal Procedure lists who are magistrates under the code as follows:

> Each of the following officers is a magistrate within the meaning of this Code: The justices of the Supreme Court, the judges of the Court of Criminal Appeals, the justices of the Courts of Appeals, the judges of the District Court, the magistrates appointed by the judges of the district courts of Dallas County that give preference to criminal cases and the judges of the criminal district courts of Dallas County, the county judges, the judges of the county courts at law, judges of the county criminal courts, the justices of the peace, the mayors and recorders and the judges of the municipal courts of incorporated cities or towns.

> judicial power determination is made of what the law is in relation to some existing thing already done or happened.

The statutory duties of a peace officer can be generally summarized as follows:

> A peace officer is required by statute to execute all lawful process issued to him by any magistrate or court. An officer is also required to preserve the peace within the officer's jurisdiction by all lawful means. In every case where an officer is authorized by the pertinent statutes, he or she must interfere without warrant to prevent or suppress crime, and, when the officer is authorized by law, he or she must arrest offenders without warrant in order that they may be taken before the proper magistrate or court and be tried. As such, they are given power by statute to make arrests on criminal charges under authority of a warrant, or under proper circumstances to make arrests without warrant.

59 Tex. Jur. 3d Police § 2.

We conclude that a judge or magistrate is not "a person employed or appointed as a peace officer under law" under Government Code, section 415.001.

In response to your second question, a judge or magistrate does not come within any of the classifications of persons recognized as peace officers under article 2.12 or any other provision of the Code of Criminal Procedure.

Since section 1.07(a)(25) of the Penal Code provides that "peace officer" means a person so designated by the Code of Criminal Procedure, the answer to your third question is that a judge or magistrate is not a peace officer as that term is defined in the Penal Code.

Our conclusions that judges and magistrates are not peace officers under chapter 415 of the Government Code and the Code of Criminal Procedure are dispositive of your fourth and fifth questions.

In your last question you ask whether a judge or a magistrate is a peace officer and may carry a gun under any other theory. Section 46.02 of the Penal Code prohibits

individuals from carrying handguns, but section 46.03 exempts peace officers from this prohibition.

Article V, section 12(a) of the Texas Constitution provides that "all judges of the courts of this State, by virtue of their office, are conservators of the peace throughout the State."

The practice commentary following section 46.03 of the Penal Code discusses opinions of the Court of Criminal Appeals holding that article V, section 12(a), of the constitution made judges and magistrates peace officers and the effect on those opinions of subsequent amendments to the Penal Code and the Code of Criminal Procedure. The practice commentary provides in pertinent part as follows:

> Previously, peace officers generally were exempt, and the Court of Criminal Appeals reluctantly concluded that Tex. Const. art. V, § 12, made all magistrates peace officers and that the general term 'peace officer' did not exclude them. Thus justices of the peace, municipal judges, and other judges could carry handguns legally, Patton v. State, 86 S.W.2d 774 (Cr.App.1935); Jones v. State, 65 S.W. 92 (Cr.App.1901). The court expressly stated its preference for limiting the exemption to those defined as peace officers by statute, see Tippett v. State, 189 S.W. 485 (Cr.App.1916), and the new code finally has adopted the court's early suggestion. Peace officers for purposes of the code are limited to those specified in C.C.P. art. 2.12, see the definition of 'peace officer' in Section 1.07, and magistrates are not included.

In a letter opinion of this office it was concluded that since article 2.12 of the Code of Criminal Procedure does not include justices of the peace or magistrates within the definition of peace officer, they do not come under the class of persons excluded from the prohibition of carrying a gun under article 46.02 of the Penal Code. Letter Opinion 88-70 (1988). However, it was stated that since a judge has control of the courtroom and the authority under article 46.04 of the Penal Code to permit others to bring a gun into the courtroom, the judge has authority to possess a gun in the courtroom.

Upon further review we remain convinced of the soundness of the conclusion reached in LO-88-70. Article V, section 1 of the Texas Constitution vests the judicial power of this state in

> one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

It would not make sense for judicial officers to possess both judicial power to preside over a court and at the same time possess the authority of a peace officer to execute processes issued by the court and arrest offenders. This conclusion appears to be consistent with the common law meaning of the term "conservator of the peace."

In Ex parte Levy, 163 S.W.2d 529 (Ark. 1942), in addressing the meaning of a provision in its constitution making supreme court judges conservators of the peace, the court found that such officials

> were common-law officers, and their duties as such were to prevent and arrest _for breaches of the peace in their presence_, but not to arraign and try the offender. (Emphasis added.)

Levy at 532. Accord Sheffield v. Reese, 28 So.2d 745 (Miss. 1947); Marcuchi v. Norfolk & W. Ry. Co., 94 S.E. 979 (W.V. 1918); State v. Shockley, 80 P. 865 (Utah 1905).

Article 14.02 of the Code of Criminal Procedure addresses the authority of a magistrate when an offense is committed in his presence. Article 14.02 provides:

> _A peace officer may arrest_, without warrant, when a felony or breach of the peace has been committed _in the presence or within the view of a magistrate, and such magistrate verbally orders the arrest of the offender_. (Emphasis added.)

Other statutes deal with the duties of a magistrate when an offense is committed within his presence or hearing.

Article 6.01 of the Code of Criminal Procedure provides:

> It is the duty of every magistrate, when he may have heard, in any manner, that a threat has been made by one person to do some injury to himself or the person or property of another, including the person or property of his spouse, <u>immediately to give notice to some peace officer</u>, in order that such peace officer may use lawful means to prevent the injury. (Emphasis added.)

Article 6.02 of the Code of Criminal Procedure states:

> If, <u>within the hearing of a magistrate</u>, one person shall threaten to take the life of another, including that of his spouse, or himself, the magistrate shall issue a warrant for the arrest of the person making the threat, or in case of emergency, he may himself immediately arrest such person. (Emphasis added.)

Article 6.03 of the Code of Criminal Procedure provides:

> Whenever, <u>in the presence or within the observation of a magistrate</u>, an attempt is made by one person to inflict an injury upon himself or to the person or property of another, including the person or property of his spouse, it is his duty to use all lawful means to prevent the injury. This may be done, either by verbal order to a peace officer to interfere and prevent the injury, or by the issuance of an order of arrest against the offender, or by arresting the offender; for which purpose he may call upon all persons present to assist in making the arrest. (Emphasis added.)

A common thread running through the terms "conservator of the peace" and "magistrate" is that they have certain powers when an offense is committed in their presence. Neither at common law nor in the foregoing statutes are such officials clothed with the authority of a peace officer. On the contrary, the statutes clearly emphasize the distinction between the duties of a magistrate and a peace officer. Judges and magistrates are not included in the lengthy classification of persons recognized as peace officers under article 2.12 of the Code of Criminal Procedure and neither common law nor statutory construction lends credence to such

a construction. Judges or magistrates do not come within the class of persons excluded from the prohibition of carrying a gun under article 46.02 of the Penal Code. However, as noted in LO-88-70, a judge or magistrate having the control of the courtroom and the authority to permit others to bring a gun into the courtroom would have authority to possess a gun in the courtroom.

### S U M M A R Y

A judge or magistrate is not a peace officer as that term is used in chapter 415 of the Government Code. Nor is a judge or magistrate a peace officer as that term is used in the Code of Criminal Procedure and the Penal Code. Judges or magistrates may not lawfully carry handguns.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General