

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

August 27, 2018

The Honorable James White
Chair, Committee on Corrections
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0212

Re: Whether sections 46.02 and 46.03 of the Penal Code apply to presiding election judges licensed to carry a handgun under chapter 411 of the Government Code (RQ-0214-KP)

Dear Representative White:

You ask about the authority of certain presiding election judges to carry a handgun in a polling place on election day.[1] The presiding election judge "is in charge of and responsible for the management and conduct of the election at the polling place of the election precinct that the judge serves." TEX. ELEC. CODE § 32.071. Along with other duties, the Election Code requires presiding election judges to "preserve order and prevent breaches of the peace and violations" of the Election Code at polling places. *Id.* § 32.075(a). Given their law enforcement duties, you question whether presiding election judges licensed under chapter 411 of the Government Code are exempt from subsection 46.03(a)(2) of the Penal Code, which prohibits carrying firearms in a polling place. *See* Request Letter at 1, 3.

Section 46.03 of the Penal Code generally prohibits the carrying of a firearm in multiple locations, including a polling place. TEX. PENAL CODE § 46.03(a)(2).[2] "A person commits an offense if the person intentionally, knowingly, or recklessly possesses or goes with a firearm . . . on the premises of a polling place on the day of an election or while early voting is in progress."[3] *Id.* Notwithstanding that general prohibition, section 46.03 does not apply to specified individuals, including "an active judicial officer as defined by Section 411.201, Government Code, who is licensed to carry a handgun under Subchapter H, Chapter 411, Government Code." *Id.* § 46.15(a)(4). The Legislature defined "active judicial officer" to include, among others, "a person

---

[1] *See* Letter from Honorable James White, Chair, House Comm. on Corrs., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Mar. 1, 2018), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2] You also question whether the presiding election judges would be exempt from section 46.02 of the Penal Code. Request Letter at 3. Section 46.02 makes it an offense for a person to carry a handgun anywhere not "on the person's own premises or premises under the person's control" or en route to the person's motor vehicle or watercraft. TEX. PENAL CODE § 46.02(a). But section 46.02 does not apply to a person lawfully carrying a handgun with a license under chapter 411 of the Government Code. *Id.* § 46.15(b)(6). Because you ask about only those presiding election judges licensed under chapter 411, we need not address section 46.02 further.

[3] Carrying a firearm in violation of subsection 46.03(a) is a third-degree felony. *See id.* § 46.03(g).

serving as a judge or justice of . . . a district court." TEX. GOV'T CODE § 411.201(a)(1)(A). Thus, a district judge with a license to carry a handgun may carry a handgun in the locations listed in section 46.03, including a polling place. TEX. PENAL CODE § 46.15(a)(4).

The Legislature did not include presiding election judges among those expressly exempted from Penal Code sections 46.02 and 46.03. *See id.* § 46.15. Yet in performing their duties at the polling place, the Election Code gives presiding judges "the power of a district judge to enforce order and preserve the peace." TEX. ELEC. CODE § 32.075(c). More than 100 years ago, a Texas court addressed whether that statutory authority in a predecessor statute allowed presiding judges to carry arms to a polling location. *See Hooks v. State*, 158 S.W. 808, 808 (Tex. Crim. App. 1913). That court concluded that because a presiding election judge had the same power as a district judge to enforce order and keep the peace, and because a district judge could carry arms to a polling location, the presiding election judge likewise had authority to do so. *Id.* A court today would likely follow the analysis in *Hooks* when construing the statutes in their current form and conclude that section 46.03 of the Penal Code does not apply to presiding election judges licensed under chapter 411 of the Government Code when performing their duties under section 32.075(a) of the Election Code.

The presiding election judge's duties extend "from the time the judge arrives at the polling place on election day until the judge leaves the polling place after the polls close." TEX. ELEC. CODE § 32.075(a). Regarding location, the presiding election judge's law enforcement authority exists "in the polling place and in the area within which electioneering and loitering are prohibited." *Id.* Only during that time and those locations does the presiding election judge possess the power of a district judge to enforce order and preserve the peace. *Id.* § 32.075(c). Thus, the presiding election judge's exemption from section 46.03 is limited to those times and locations.

Recognizing that polling locations are located in a variety of venues, you also seek general guidance on a presiding election judge's authority to carry firearms in "polling places that are either government or non-government buildings." Request Letter at 3. Governmental entities use a wide variety of buildings as polling locations, including courthouses, libraries, schools, and other government buildings. They also often use nongovernment buildings, such as grocery stores, churches, and privately owned activity centers. Although presiding election judges licensed under chapter 411 are generally exempt from prosecution under subsection 46.03(a)(2) while performing their duties at a polling place, your question acknowledges that other provisions of the Penal Code may limit their ability to carry firearms in certain polling locations.[4]

---

[4]The Election Code requires a polling place in each precinct, and it establishes which officials designate the polling places in specific elections. *See* TEX. ELEC. CODE §§ 43.001 (requiring one polling place in each precinct), 43.002(a), (b) (requiring a county clerk to recommend a location for general elections and the commissioners court to designate the location). But it places few prerequisites on the location of a polling place. *See id.* § 43.031(c) (requiring a polling place to be in a public building "if practicable").

Section 46.035 of the Penal Code prohibits a license holder from carrying handguns in certain buildings, while the Election Code allows a governmental entity to consider using those same buildings as polling locations. *Compare* TEX. PENAL CODE § 46.035(a)–(c), *with* TEX. ELEC. CODE § 43.031.[5] Penal Code subsection 46.035(a-1) prohibits a license holder from openly carrying a handgun on the premises of both public and private institutions of higher education. TEX. PENAL CODE § 46.035(a-1). Subsections (a-2) and (a-3) prohibit a license holder from carrying a concealed handgun in the locations on a campus of an institution of higher education, public or private, where the institution has by rule prohibited handguns and provided proper notice under section 30.06 of the Penal Code. *Id.* § 46.035(a-1), (a-2); *see also* TEX. GOV'T CODE § 411.2031(d-1) (requiring an institution of higher education to establish reasonable rules regarding the carrying of concealed handguns on campus), (e) (authorizing a private or independent institution of higher education to establish rules prohibiting license holders from carrying handguns on campus). Because no exception applies to presiding election judges in these locations, subsections 46.035(a-1), (a-2), and (a-3) prohibit a presiding election judge from openly carrying a handgun on any institution of higher education campus and from carrying a concealed handgun in a location on campus where the institution prohibits carrying a handgun by rule.

Sections 30.06 and 30.07 of the Penal Code make it a criminal offense for a license holder to carry a concealed handgun and to openly carry a handgun, respectively, on property of another without consent when the license holder received notice forbidding carrying a handgun on the property. TEX. PENAL CODE §§ 30.06(a), .07(a). Those sections also establish methods for providing notice to prohibit a license holder from carrying a handgun onto the property.[6] In limited circumstances, governmental entities may post notice under sections 30.06 and 30.07, thereby making it an offense to carry handguns into the buildings for which they provide notice.[7]

A state agency or political subdivision may not prohibit the carrying of handguns on property it owns or leases unless Penal Code section 46.03 or 46.035 expressly allows the prohibition. TEX. GOV'T CODE § 411.209 ("Wrongful Exclusion of a Handgun License Holder").

---

[5]For some of the buildings and premises listed in Penal Code section 46.035, the Legislature established an exemption for "active judicial officers," as it did for section 46.03: "It is a defense to prosecution under Subsections (b) and (c) that the actor, at the time of the commission of the offense, was . . . an active judicial officer . . . ." TEX. PENAL CODE § 46.035(h-1). Thus, section 46.035 would not prohibit a presiding election judge licensed under chapter 411 of the Government Code from carrying a handgun while performing the duties of an election judge at the locations listed in subsections 46.035(b) and (c). That exemption, however, does not apply to the buildings and premises listed in subsections (a-1) and (a-2).

[6]A "person receives notice if the owner of the property or someone with apparent authority to act for the owner provides notice to the person by oral or written communication." *Id.* §§ 30.06(b), .07(b). Section 30.06 describes how to provide notice by written communication to forbid a license holder with a concealed handgun. *Id.* § 30.06(c)(3). Section 30.07 similarly establishes how to provide a notice by "written communication" for purposes of prohibiting a license holder with an openly carried handgun. *Id.* § 30.07(c)(3).

[7]Sections 30.06 and 30.07 establish specific language to use on a sign to prohibit carrying a handgun onto the property. *Id.* §§ 30.06(c)(3)(A), .07(c)(3)(A). Whether it is acceptable to use other language or methods to post notice prohibiting the carrying of handguns is a question currently at issue in *Paxton v. City of Austin*, Cause No. D-1-GN-16-003340, in the 53rd District Court of Travis County, Texas.

Relevant to potential polling locations, section 46.03 prohibits carrying weapons "on the physical premises of a school or educational institution" and "on the premises of any government court or offices utilized by a court," among other locations, unless exceptions apply.[8] TEX. PENAL CODE § 46.03(a)(1), (3). If a governmental entity posts notice under 30.06 and 30.07 in those locations, a license holder who carries a firearm could be in violation of those provisions and prosecuted for trespass by a license holder. *Id.* §§ 30.06(a), .07(a). Yet sections 30.06 and 30.07 except from the application of those provisions the carrying of a handgun on property owned or leased by a governmental entity that "is not a premises or other place on which the license holder is prohibited from carrying the handgun under Section 46.03 . . . ." *Id.* §§ 30.06(e), .07(e). As discussed above, section 46.03 would not apply to a presiding election judge licensed under chapter 411 carrying a firearm while performing presiding election judge duties. *Id.* § 46.15(a)(4); TEX. ELEC. CODE § 32.075(c). Thus, sections 30.06 and 30.07 would not apply to a presiding election judge licensed under chapter 411 who serves at a polling location on property where section 46.03 otherwise prohibits carrying a handgun if the property is owned or leased by a governmental entity. So those sections would not prohibit a presiding election judge licensed under chapter 411, while performing election judge duties, from carrying a handgun at a polling place located in a school or on the premises of a government court or offices utilized by the court.[9] *Cf.* TEX. PENAL CODE § 46.035(a-1), (a-2), (a-3) (making it an offense to carry handguns on institutions of higher education when prohibited by rules of the institution, notwithstanding exemptions created in other sections).

The exceptions to 30.06 and 30.07 apply only to carrying a handgun on "property . . . owned or leased by a governmental entity" and do not extend to privately owned property. *Id.* §§ 30.06(e), .07(e). We find no law that exempts presiding election judges from those provisions when on private property. Thus, if a polling place is on private property and the owner or someone with apparent authority to act for the owner provides notice, a presiding election judge would likely be prohibited from carrying a firearm to that location.[10]

---

[8]Prior opinions of this office discuss the meaning of premises in the context of section 46.03. *See* Tex. Att'y Gen. Op. Nos. KP-0050 (2015) at 1–2; KP-0047 (2015) at 3. The scope of the terms "premises" and "building or portion of a building" is also an issue raised in *Paxton v. City of Austin*, Cause No. D-1-GN-16-003340, in the 53rd District Court of Travis County, Texas.

[9]Section 37.125 of the Education Code makes it an offense to intentionally exhibit a firearm "in a manner intended to cause alarm or personal injury" on school property. TEX. EDUC. CODE § 37.125(a). Election judges carrying a handgun to a polling location at a school should consider this provision when deciding how they will carry.

[10]To the extent that the political subdivision holding the election has a contract or arrangement with the private property owner about the polling location, the ability to carry a firearm on the property during the election may depend on the specific terms of that agreement and should be evaluated on a case-by-case basis.

## S U M M A R Y

Section 46.03 of the Penal Code, which creates an offense for carrying firearms at multiple locations including a polling place, does not apply to presiding election judges licensed under chapter 411 of the Government Code when performing their duties under section 32.075(a) of the Election Code.

Subsections 46.035(a-1), (a-2), and (a-3) of the Penal Code prohibit a presiding election judge from openly carrying a handgun on any institution of higher education campus and from carrying a concealed handgun in a location on campus where the institution prohibits carrying a handgun by rule.

Sections 30.06 and 30.07 of the Penal Code could prohibit a presiding election judge from carrying a handgun to a polling location on private property if proper notice was given under those sections.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee