## W. M. PATTON v. THE STATE.

No. 17676. Delivered June 28, 1935.
State's Rehearing Denied October 23, 1935.

The opinion states the case.

*J. O. Faith* and *T. B. Smiley,* both of Karnes City, and *W. T. Scarborough,* of Kenedy, for appellant.

*L. Morgan Williams,* Dist. Atty., of Jourdanton, *C. S. Slatton* and *Johnson Rogers, Slatton & Johnson,* all of San Antonio, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment was assessed at confinement in the State penitentiary for two years.

The testimony shows that on the night of January 20, 1934, George Davis gave a dance in the second story of Nick Richter's place of business. On a previous occasion when a dance was in progress at said place considerable disturbance was created by some of those who attended it. To prevent a recurrence of such disturbance Richter and Davis requested the appellant, who at the time was a justice of the peace of said precinct, and Jake Lorenz to keep and maintain peace on the occasion in question. At about 12 o'clock, deceased, who was in the beer room on the first floor of said building, when a bottle fell from the counter, kicked it up against the wall and finally kicked it out onto the gallery, and acted somewhat boisterous. Thereupon Richter started up the stairway to the dance room to summon the appellant to the scene of the disturbance. He met the appellant on the stairway and the two came down together. When they reached the first floor the deceased had gone out onto the gallery. The appellant went out there, took the deceased by the arm, and struck him on the head with a pistol two or three times, inflicting severe cuts and bruises from which the blood flowed rather freely. It also appears from the testimony that in the melee out on the gallery the appellant's glasses and hat were either knocked off or fell off. Thereafter, when the deceased went to the beer room to wash the blood from his face, the appellant followed him with his pistol in his hand and dared the deceased to get his gun. After deceased had washed his face, he attempted to leave the beer room and when he got on the outside of the screen door he suddenly turned and fired at the appellant, who was still pointing his pistol in the direction of the deceased. The bullets struck appellant in the left side near the lower rib and passed out to the back, whereupon the appellant fired two shots in rapid succession, both of which took effect producing almost instant

death. The appellant plead self-defense and supported his plea by his own testimony and that of his witnesses. He also filed a plea for a suspended sentence.

The appellant's first contention is that the testimony does not warrant and sustain his conviction because he acted in self-defense. In order for this court to hold as a matter of law that the accused acted in self-defense, the testimony on that issue must be uncontradicted. Even if the accused acted in self-defense at the time, yet the State offered testimony which showed that the appellant first struck the deceased with a pistol, inflicting severe cuts and bruises on his head; that when the deceased left the scene of the difficulty and went to wash the blood from his face, the appellant followed him with his pistol in hand, snapped it, and told deceased to get his gun. The State also proved that some two or three years prior to the fatal difficulty the appellant and deceased had a personal encounter in which the appellant was struck on the head by the deceased with a bottle. It occurs to us that there was sufficient testimony offered to raise the issue of provoking a difficulty and to justify the court in submitting said issue to the jury under appropriate instructions. If the appellant brought about the difficulty with the deceased for the purpose and with the intent of killing or inflicting serious bodily injury upon him, then his right of self-defense was forfeited. This was a question of fact to be determined by the jury and their finding on said issue is binding on this court. Hence, we overrule the appellant's contention. See Fitzpatrick v. State, 37 Texas Crim. Rep., 20.

The only other complaint which we deem necessary to discuss is the one relating to the action of the trial court in failing to instruct the jury that the appellant, who was a justice of the peace, had a legal right to carry a pistol on the occasion in question. To determine this question we must look to the Constitution, the statutes, and the decisions of our court. Art. 5, Sec. 12, of our Constitution makes all judges of the courts of the State, by virtue of their office, conservators of the peace throughout the State. Art. 33, C. C. P., defines who are "magistrates" within the meaning of the Code, that is, the judges of the Supreme Court, the judges of the Court of Criminal Appeals, the District Judges, County Judges, County Commissioners, Justices of the Peace, and the mayor or recorder of an incorporated city or town. Art. 34, C. C. P., prescribes the duty of the magistrates as follows: "It is the duty of every magistrate to preserve the peace within his jurisdiction

by the use of all lawful means, etc." While a justice of the peace is not denominated as a peace officer under Art. 36, C. C. P., yet this court held in the case of Jones v. State, 65 S. W., 92, that " * * * one who is authorized to preserve and maintain the public peace is a peace officer. Of course, it would have been competent for the legislature, in enacting the pistol law, to have prescribed what officers * * * were authorized to carry pistols; but when they used the general term, excluding from the operation of the law all 'peace officers,' it applied as well to those who were constituted peace officers under the Constitution as to those who were created peace officers by the act of the legislature. While we have conceded in what has been said above that the legislature does not mean or treat county judges as peace officers, yet we think it is by no means clear that they did not intend to regard them as such, as certain articles of the Code appear to arm them with functions pertaining to peace officers. * * * We hold that the Constitution makes county judges peace officers, and that when the legislature, in enacting the pistol law, excluded from its operation all peace officers, appellant was embraced in this list, and as such peace officer he was authorized to carry a pistol."

Art. 484, P. C., exempts all peace officers from the operation of Art. 483, P. C., prohibiting the carrying of a pistol. In the case of Tippett v. State, 189 S. W., 485, this court said: "* * * By virtue of sec. 12, of art. 5, of the Constitution, all judges * * * are peace officers and the judge of a county court is therefore a peace officer. * * * Then there is no escape from holding that a judge of a corporation court is also a peace officer * * * and if all judges are peace officers by virtue of the constitutional provision hereinbefore recited, then appellant, by virtue of being judge of the corporation court, would be a peace officer, and authorized to carry a pistol, even when not in the actual discharge of the duties of the office."

We see no good reason why a justice of the peace who is a judge of a justice court would not come within the definition of a peace officer under said constitutional provision. We are therefore constrained to hold, in keeping with the authorities above cited, that the appellant, being a justice of the peace, was a peace officer and authorized to carry a pistol on the occasion in question, even though he was not in the actual discharge of the duties of the office.

This brings us to a consideration of the next question, viz: Did the court err in declining to instruct the jury that the

appellant had a right to carry a pistol? We think so. The court by his instruction on provoking a difficulty limited the appellant's right of self-defense, and in connection therewith should have instructed the jury on the defendant's legal right to be armed with a pistol; otherwise, the jury might consider the same as a circumstance against the appellant on the issue of his intent which in most cases is a material inquiry where the issue of provoking a difficulty is raised. See Gray v. State, 55 Texas Crim. Rep., 90.

For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have read with interest the State's motion for rehearing and argument in connection therewith, also appellant's reply thereto. The Constitution itself made appellant a conservator of the peace, and therefore a peace officer, as clearly pointed out in Jones v. State, 65 S. W., 92, and Tippett v. State, 189 S. W., 485. We cannot agree, as insisted by the State, that on the night of the killing appellant was not in the discharge of the duties of his office. He had been requested by the parties giving the dance to be present and conserve the peace, the very authority conferred upon appellant by the Constitution. Whether his conduct towards deceased was in furtherance of such duty is another matter, but the jury should have been instructed as to appellant's legal right to carry a pistol on the occasion in question.

The State's motion for rehearing is overruled.

*Overruled.*