## EX PARTE CHARLIE DENSON

No. 29,315. November 13, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 8, 1958.

*Jno. T. Buckley,* Cleveland, and *Clarence D. Cain,* Liberty, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an appeal from an order of the county court of Liberty County remanding relator to custody after a hearing in a habeas corpus proceeding.

Notice of appeal was given on May 2, 1957. Appellant was allowed 90 days after the date of giving notice of appeal within which to prepare and file a statement of facts. Art. 759a, Sec. 4, Vernon's A.C.C.P.

The statement of facts appearing in the record was filed in the trial court on August 5, 1957, which was not within the required time.

The affidavit of one of appellant's attorneys shows that the statement of facts was completed and approved by him on July 24, 1957; and that on that date he, by letter, informed the county attorney of his approval of the statement of facts, which he also forwarded by mail on that date, and requested that he file the same immediately with the clerk of the trial court.

According to the above affidavit the statement of facts had not been approved by the county attorney or the trial judge when it was forwarded to the county attorney on July 24.

There is no showing that the appellant or either of his attorneys gave the matter of the approval of the statement of facts by the county attorney or the trial judge or its filing with the clerk of the trial court any attention after July 24.

It is incumbent upon the appellant to obtain the statement of facts, to have the same properly approved, and to follow it up to see that it is filed as required by law. Fleming v. State, 161 Texas Cr. Rep. 519, 279 S.W. 2d 340. Counsel may not excuse the late filing of the statement of facts by showing that he forwarded the same to the county attorney with the request that he file the same immediately with the clerk of the trial court. 4 Texas Juris., Sec. 306, p. 440. Bailey v. State, 149 Texas Cr. Rep. 429, 195 S.W. 2d 361.

The record in the instant case shows a lack of diligence on the part of the appellant to file the statement of facts within the time allowed by law.

In the absence of a statement of facts which may be considered nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.