WILLIAM DUNCAN SARTAIN V. STATE

No. 33,151.   April 19, 1961
Motion for Rehearing Overruled May 24, 1961

WOODLEY, Presiding Judge, absent.

*W. A. Johnson, W. W. Tupper,* (by *Cliff Tupper,* of Counsel), San Angelo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The State's proof shows that, on the night in question, the appellant was stopped and arrested around 2 a.m. by four officers of the Weights and License Division of the Texas Department of Public Safety while driving his automobile upon Highway 75 some 3 miles north of the city of San Angelo in Tom Green County. Prior to stopping appellant, the officers observed his automobile weaving from left to right across the center stripe of the highway. At the time, a couple was riding in the automobile with appellant, the lady, who was intoxicated, being seated on the front seat and the man on the back seat. An empty whisky bottle was found on the dashboard of the automobile. The four officers, upon being called as witnesses by the state, in describing appellant's actions and appearance at the time of his arrest, testified that he had the smell of alcohol on his breath, that his speech was "incoherent," he was not "steady" on his feet, that he "staggered", and each expressed the opinion that, at such time, appellant was intoxicated. The officers testified that, after they stopped appellant, he agreed and consented to take a blood test and was thereupon taken to San Angelo to the office of Dr. Jack Wilhem where a blood sample was taken from him. Proof was made by the state of the chain of custody of the blood specimen and that it had been examined by Donald W. Hanna, Chemist and Toxicologist for the Texas Department of Public Safety. Chemist Hanna testified that his examination of the blood specimen revealed that it contained .18% alcohol and that in his opinion the person from whom it was taken was intoxicated at the time.

As a witness in his own behalf, appellant admitted driving the automobile on the night in question and having consumed approximately 5 beers but denied that he was intoxicated. Appellant admitted that the blood specimen was taken from him but denied giving his consent and having been asked by the officers if he would take the blood test. Appellant further testified that, after the blood specimen was taken, he refused to execute a written consent and introduced in evidence a blank consent form which was unsigned. Appellant called as a witness Jimmie H. Archer who testified that he had been with appellant on the night in question until 11 p.m., and that at such time appellant was not under the influence of alcohol.

The jury chose to resolve the issue of intoxication against the appellant and we find the evidence sufficient to sustain their verdict.

Appellant insists that the court erred in admitting the testimony of Chemist Hanna showing the result of his analysis of the blood specimen. His objection was "the consent to take the blood sample, if given, was taken before the blood sample was ever gotten out of the hands of the officers." We do not consider such an objection sufficient to raise the question which he seeks to here present that consent was not in fact given.

However, under the record, we find no error in the court's action in admitting the testimony.

The testimony of the arresting officers was, in substance, that appellant gave his oral consent to the taking of the blood specimen. Appellant by his testimony merely raised an issue as to whether he did give consent.

It has been held by this court that the Confession Statute, requiring that warning be given an accused, has no application to obtaining his consent to the taking of a blood specimen for analysis. Brown v. State, 156 Tex. Cr. R. 144, 240 S.W. 2d 310 and Heath v. State, 156 Tex. Cr. R. 563, 244 S.W. 2d 815. A written consent is not necessary for the taking of a blood specimen. Mora v. State, 159 Tex. Cr. R. 321, 263 S.W. 2d 787. Proof of consent to take a blood test while under arrest may be shown. Piester v. State, 161 Tex. Cr. R. 436, 277 S.W. 2d 723. In Brown v. State, supra, we said:

"* * * Consent being shown, the provisions of the 5th Amendment to the Constitution of the United States and Art. 1, Sec.

10 of the Constitution of Texas, Vernon's Ann. St. Const., providing that no person shall be compelled to give evidence against himself, are not violated in the taking of blood for analysis, and the proof of the result of the test."

This case is distinguishable from Trammell v. State, 162 Tex. Cr. R. 543, 287 S.W. 2d 487, because in that case it was undisputed that no consent was given, the accused being unconscious, while in the case at bar the issue was clearly raised by the evidence.

Appellant further insists that the court erred in failing to submit in his charge to the jury the issue as to whether the blood specimen was taken from him with his consent and to instruct the jury that if they found that the blood specimen was taken without his consent, or if they had a reasonable doubt thereof, they would not consider any evidence offered by the State concerning the results of the test.

Appellant made no objections to the charge and submitted no requested charges to the court.

In his brief, appellant insists that the issue of consent should have been submitted by the court to the jury for the same reason that the issue of the voluntary nature of a confession is submitted to a jury.

In Olison v. State, 92 Tex. Cr. R. 86, 242 S.W. 475, it was held that the failure to submit to the jury the issue as to whether a confession was voluntary was not fundamental error but must be raised by objections to the charge or by special instructions timely presented.

Under the record herein, the court's failure to submit the issue of consent to the jury is not ground for reversal.

The judgment is affirmed.

Opinion approved by the Court.