Ramon Diaz PEREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 37214.

Court of Criminal Appeals of Texas.

Nov. 4, 1964.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 30 days in jail and a fine of $50.00.

Mrs. Coleman testified that as she and her family were driving toward San Angelo an automobile passed them and then slowed down, but they were unable to pass it because it was being driven back and forth across the center stripe. She stated that the automobile finally came to a halt and that she observed the appellant, who was the driver, and then proceeded into the city of Carlsbad where she spoke to the Highway Patrol, and that she later saw appellant in the custody of the officers.

Highway Patrolmen Sanders and Williamson testified that after meeting Mrs. Coleman they overtook the automobile being driven by appellant, observed it cross the center stripe several times and when they finally brought it to a hault, observed appellant and from his appearance, the manner of his speech and seeing him stagger, they expressed the opinion that he was intoxicated. In the automobile both empty and full containers of beer were found. They testified that they secured appellant's consent to the taking of a blood sample, and that after Dr. Wilhelm had taken the same it was forwarded to the Department of Public Safety in Midland.

Wayne Merrett, Chemist of the Department of Public Safety, testified that he analyzed the sample in question and found that it contained .20 percent of alcohol by weight which was indicative of intoxication.

Appellant testified in the absence of the jury that the officers told him that if he did not plead guilty they were going to give him a blood test and because of this he signed the consent form.

No objections or exceptions were made to the court's charge and appellant is in no position to complain of the failure to submit the issue of whether or not the consent was voluntarily given. Sartain v. State, 171 Tex.Cr.R. 192, 346 S.W.2d 337.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.