**Leo POWERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46346.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Rehearing Denied July 17, 1973.

B. Mills Latham, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., John M. Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder without malice. Punishment was assessed by the jury at five years.

At the outset, appellant contends that the court erred in overruling his challenge for cause of prospective juror Dimbleby.

Appellant urges that he was forced to use a peremptory challenge on Dimbleby after the court refused to sustain his challenge for cause and, as a result, he was forced to take an objectionable juror by the name of Weldon.

The basis for appellant's complaint that the court erred in refusing to sustain his challenge to Dimbleby is that, during voir dire examination of the panel, Dimbleby stated that he would go along with the majority of the jury, at least if eleven went one way and only he was on the opposite side.

A judgment of conviction will be reversed on appeal if defendant shows (1) that a good challenge for cause to a juror was erroneously overruled by the trial court, (2) that defendant exhausted his peremptory challenges, (3) that one or more objectionable jurors sat in the case. 1 Branch's Ann.P.C., Sec. 562 (2nd edition 1956) and cases cited therein. In the instant case, we find it unnecessary to determine whether the court erred in overruling appellant's challenge for cause since the record does not contain a bill of exception or proof by any other method to sustain appellant's contention that he exhausted his peremptory challenges. Appellant's first contention is overruled.

Appellant contends that the conviction for murder without malice is contrary to the evidence in that the undisputed evidence showed that appellant was acting in self defense when he shot the deceased.

The appellant and deceased had an argument on November 7, 1970, in front of the Sandy Land Bar, on Rankin Street, in Corpus Christi. At the conclusion of the argument, deceased walked across the street to join his uncle, Mose Garrett, Mose's girlfriend, Lou Bertha Sabin, and six or seven young friends. According to Garrett and Lou Bertha Sabin, the appellant said something about killing the "young punk." Appellant testified that, after he followed the deceased across the street, the deceased pulled a plunger out of a trash can and swung at him. Appellant

further testified that he saw someone hand the deceased a small derringer. After going to his parents' home, appellant stated that he got to thinking about what he had heard about the deceased and the gang he belonged to carrying grudges and decided he had better find the deceased and see if he couldn't "straighten this matter out." A confrontation between appellant and deceased occurred in front of the Cotton Club on Chipito Street some twenty or twenty five minutes after the first argument. Appellant testified regarding the events which ensued:

"After I got twelve to fifteen feet from him I called to him and said, 'Say, I want to talk to you.' Just like that, so he looked and recognized who I were and went, started for his pocket. . . . So after I seen the gun earlier, I took it for granted he had a gun. So I just taken my gun and I shot him, and I left."

Appellant left Corpus Christi and several months later turned himself in to the Dallas Police Department.

Dr. Rupp, Nueces County Medical Examiner, testified that an autopsy on deceased revealed five gunshot wounds, only one of which was not a fatal type wound.

Garrett testified that he was not with deceased when the first shots were fired, but that he did see appellant fire one or two shots into the body of the deceased. He testified that he did not see deceased make any threatening gestures toward appellant nor did he ever hear the deceased threaten the appellant. Officer Sloan testified that Garrett told him immediately after the shooting that he removed a gun from the deceased. Garrett denied having ever made such a statement to Sloan and stated that he did not see any weapon on the deceased. Anthony Stinson testified that he saw the last three or four shots fired and that he did not see the deceased make any threatening gesture toward appellant. Two officers testified that the de-ceased had a reputation for being a dangerous and violent person.

The court charged the jury on the right of self defense.

In the recent cases of Whitfield v. State, Tex.Cr.App., 492 S.W.2d 502 and Escamilla v. State, Tex.Cr.App., 464 S.W.2d 840, contentions were made that the evidence showed self defense as a matter of law, and this Court recognized the following statement from Parkman v. State, 149 Tex.Cr.R. 101, 191 S.W.2d 743, to be controlling:

"In making this contention, he recognizes the controlling rule to be that in order for a reviewing court to hold, as a matter of law, that a defendant in a homicide prosecution killed in self-defense, the evidence must be uncontradicted and no issue thereon presented for the jury's determination. Parker v. State, 138 Tex.Cr.R. 478, 136 S.W.2d 229; Patton v. State, 129 Tex.Cr.R. 269, 86 S.W.2d 774."

Our review of the evidence will not justify the conclusion that the evidence was uncontradicted and that self defense was established as a matter of law. Appellant's second contention is overruled.

Appellant's third contention has been reviewed and found to be without merit.

The judgment is affirmed.

Opinion approved by the Court.

## OPINION

## ON APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING

ROBERTS, Judge.

In the original opinion, appellant's first ground was overruled because the record did not contain a bill of exception or other proof that appellant exhausted his peremptory challenges. A supplemental

transcript has been filed with this Court, reflecting such a bill of exception. However, it was untimely filed and we decline to review it at this time. Article 40.09, § 6, Vernon's Ann.C.C.P. Nothing is presented for review.

The motion is denied.