Richard Henry **APPLEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 50287.

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

On Rehearing Jan. 21, 1976.

Rehearing Denied Feb. 11, 1976.

William Drew Perkins, Lufkin, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of murder without malice. Punishment was assessed at five years. The record reflects that appellant was represented at the trial and on appeal by retained counsel.

In three grounds of error appellant contends that the court erred in overruling his motion for a new trial, in which he alleged that the State knowingly suppressed and failed to disclose evidence of material value to the defense and that jury misconduct occurred when the jury received additional testimony during its deliberations. Each of these contentions is based upon evidence

allegedly developed at the hearing on the motion for new trial. It becomes necessary for us to determine whether the transcription of the notes of the court reporter covering the testimony given on the hearing of the motion for new trial is properly before us for our consideration.

Although the record shows that the motion for new trial was overruled by the trial court on October 12, 1973, and that appellant was sentenced and notice of appeal was given on that same date, no transcription of the testimony given at said hearing was filed in this Court until October 21, 1975. It shows that it was for the first time filed with the clerk of the trial court on October 17, 1975.

The appellate record, approved by the court on August 22, 1974, which included the transcript prepared by the district clerk and the transcription of the court reporter's notes of the trial in chief (but not of the hearing on the motion for new trial) was filed in this Court on May 12, 1975. This record contains no designation by appellant specifying matters he wished to be included in the record. See Article 40.09, Section 2, V.A.C.C.P. The record reflects that after several extensions of time were granted by the trial court in which to file the transcription of the court reporter's notes of the evidence, the time limit set by the last extension being April 5, 1974, the transcription of the evidence given at the trial in chief was filed in the trial court April 5, 1974. Counsel for both parties were duly notified by the clerk of the completion of the record on August 7, 1974, and an approval by both counsel appears in the transcript. On August 22, 1974, no objections having been filed, the trial court approved the record and ordered it filed as approved. See Article 40.09, Section 7, V.A.C.C.P. No statement of facts of any testimony purportedly given at a hearing on appellant's motion for new trial was at that time on file in the district clerk's office, same not being filed until October 17, 1975, and the record does not reflect that any such docu-

ment was ever presented to the trial court or included in the court's approval.

Article 40.09, Section 5, V.A.C.C.P., as applicable here, reads:

"A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record . . . ."

Section 3 of the same article makes as a part of the appellate record the transcription of the court reporter's notes of the proceedings occurring "before, during or after the trial," and states that "same will constitute the statement of facts for the appeal." This section sets out the time limits for filing such statement of facts in the trial court, subject to the trial court granting extensions of time.

We quote from *Dart v. State,* Tex.Cr. App., 515 S.W.2d 119, p. 121, as follows:

"It is clear and unambiguous from a reading of Sec. 5 of Art. 40.09, supra, that the burden is upon the party desiring a transcription of the court reporter's notes to not only obtain such, but to further see that same is filed with the Clerk in time for inclusion in the record.

"In *Sartain v. State,* 171 Tex.Cr.R. 192, 346 S.W.2d 337, this Court followed *Ex parte Denson,* 165 Tex.Cr.R. 420, 307 S.W.2d 952, in holding:[2]

" 'It is incumbent upon the appellant to obtain the statement of facts, to have the same properly approved, and to follow it up to see that it is filed as required by law.' "

Footnote 2 in *Dart* reads: "The forerunner of Sec. 5, Art. 40.09, supra, was Sec. 4 of Art. 759a, V.A.C.C.P., in effect at the time of the *Sartain* and *Denson* cases, which provided in pertinent part, 'The defendant shall file said statement of facts in duplicate, with the clerk of the trial court, within ninety days after the date of giving notice of appeal . . .' ":

See also *Goodings v. State,* Tex.Cr.App., 500 S.W.2d 173; *Conerly v. State,* Tex.Cr. App., 412 S.W.2d 909; *Ex parte Hill,* 159 Tex.Cr.R. 238, 262 S.W.2d 507. Cf. with *Heck v. State,* Tex.Cr.App., 507 S.W.2d 737.

There is no showing that appellant took any action to discharge his responsibility of furnishing the transcription of the evidence at the hearing on the motion for new trial to the district clerk in time for inclusion in the record. Since such transcription was not timely filed, and was not included as a part of the record at the time of the approval by the trial court, it is not properly before us for our consideration.

In the absence of a timely filed statement of the evidence at the hearing, appellant's first three grounds of error are not before us for review.

█ In his fourth ground, appellant contends that the evidence establishes self-defense as a matter of law and that the court erred in overruling his motion for instructed verdict.

In *Powers v. State,* Tex.Cr.App., 497 S.W.2d 594, in overruling a similar contention of the defendant, the Court said:

"In the recent cases of *Whitfield v. State,* Tex.Cr.App., 492 S.W.2d 502 and *Escamilla v. State,* Tex.Cr.App., 464 S.W.2d 840, contentions were made that the evidence showed self defense as a matter of law, and this Court recognized the following statement from *Parkman v. State,* 149 Tex.Cr.R. 101, 191 S.W.2d 743, to be controlling:

" 'In making this contention, he recognizes the controlling rule to be that in order for a reviewing court to hold, as a matter of law, that a defendant in a homicide prosecution killed in self-defense, the evidence must be uncontradicted and no issue thereon presented for the jury's determination. *Parker v. State,* 138 Tex.Cr.R. 478, 136 S.W.2d 229; *Patton v. State,* 129 Tex.Cr.R. 269, 86 S.W.2d 774.' "

In the instant case, the State offered no eyewitness to the offense, but made out a

prima facie case of murder by proving the death of deceased by being shot with a gun and the admission of appellant that he had shot him. State's witness Henley testified that on the afternoon of the killing he heard appellant, while in a pool hall, in talking of deceased who had just left the pool hall, say that "he thought he would go to town and kill the son-of-a-bitch." Appellant thereupon left the pool hall, went to his wife's apartment knowing that deceased's car was parked in front of it, got a pistol from his car, placed it in his belt under his shirt, and went into the apartment where deceased was visiting his wife. Deceased was shot by appellant shortly after appellant's arrival. The only eyewitnesses to the shooting, excluding deceased, were appellant and his wife. She did not testify. The only evidence raising the issue of self-defense was given by appellant in testifying in his own behalf. Defense witnesses gave testimony of deceased being a man of violent and dangerous character. A fact issue of self-defense was raised and submitted to the jury, which was decided against appellant.

The fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.

ONION, Presiding Judge (concurring).

I concur in the disposition of appellant's first three grounds of error solely because the supplemental transcript containing the statement of facts on the hearing on the motion for new trial was not approved by the trial judge. See *Guzman v. State,* 521 S.W.2d 267 (Tex.Cr.App.1975).

ROBERTS, J., joins in this concurrence.

OPINION

*On Appellant's Motion For Rehearing*

KEITH, Commissioner.

On November 5, 1975, this Court affirmed the judgment of the trial court after overruling several of appellant's grounds of error. However, for reasons set out in the opinion, the first three grounds of error complaining of jury misconduct were not considered.

The record now having been supplemented and the record now showing that the stenographic transcription of the evidence heard upon the motion for new trial was inadvertently left out of our record, we are able to dispose of the first three grounds of error.

On the hearing of the motion for new trial, appellant established that the State's witness Henley was not under subpoena but appeared upon call of State's counsel. Henley testified that while he was in the pool hall he heard appellant tell Jerry Tullos that "he thought he would go to town and kill the son-of-a-bitch." Appellant's trial counsel stated that he was surprised at Henley's appearance since he had checked the court records for the names of all State witnesses, having done this daily prior to trial.

Appellant denied having had any such conversation with Tullos, and denied even knowing Henley by sight. However, it did develop on the hearing that Tullos lived in the nearby small community of Apple Springs in Trinity County. No effort was made to contact Tullos, no request was made for time within which to locate Tullos, and appellant's counsel rested the case without making any complaint of the testimony of Henley or appellant's inability to refute the statement attributed to him.

At the hearing on the motion for new trial, Tullos denied that appellant made any such statement to him, and, more importantly, testified that he had so told the district attorney that no such statement had been made by appellant. The district attorney testified that he had indeed conferred with Tullos before trial but that Tullos denied any recollection of the statement—not that it was not made as Tullos testified upon the hearing.

Appellant now contends that State's counsel breached the duty owed to appel-

lant by not informing him, before the trial, of Tullos' equivocal position with reference to Henley's testimony, invoking the doctrine of *Means v. State,* 429 S.W.2d 490, 493–495 (Tex.Cr.App.1968), and *Crutcher v. State,* 481 S.W.2d 113, 115 (Tex.Cr.App. 1972).

We do not recede from our prior opinions relating to the prosecutor's constitutional duty to disclose evidence favorable to the accused as exemplified in the cited cases. However, our record does not disclose that: (1) the prosecutor deliberately painted a false picture of facts using perjured testimony; or (2) failed to correct its own testimony when it became apparent that it was false; or (3) actively suppressed evidence which might have exonerated the accused or been of importance to the defense; or (4) negligently failed to disclose evidence which might have exonerated the accused; or (5) any bad faith on the part of the prosecutor.

■ A direct conflict was shown between the testimony of Tullos and the district attorney as to what Tullos had told the latter, and the trial court was not required to accept as true the Tullos account of the conversation. The decision upon a motion for new trial rests in the sound discretion of the trial court and in the absence of an abuse of discretion its decision will not be disturbed on appeal. *Grizzell v. State,* 164 Tex.Cr.R. 362, 298 S.W.2d 816 (1956); *Bryan v. State,* Tex.Cr.App., 406 S.W.2d 210, 216 (1966); *Hill v. State,* Tex.Cr.App., 480 S.W.2d 670, 673 (1972).

■ We find no abuse of discretion and grounds of error numbers one and two are overruled.

■ Next, appellant contends that the trial court erred in overruling his motion for new trial because the jury received new evidence during its deliberations upon appellant's guilt. One juror testified that the foreman told several jurors that the reputation of the deceased, which the record made by appellant showed to be bad, was about the same as that of appellant. The foreman denied having made such statement before the verdict was reached unanimously but admitted that he may have made such a statement *after* the jury had found appellant guilty. Another juror denied having heard any such remark.

In *Powell v. State,* 502 S.W.2d 705, 711 (Tex.Cr.App.1973), the rule was restated in this manner:

"The trial court is the place to decide issues of fact as to what occurred in the jury room. That decision will not be disturbed by this Court in the absence of an abuse of discretion."

We find no abuse of discretion in this instance. An issue of fact having been drawn as to what occurred in the jury room, the proper tribunal to decide that issue is the trial judge who hears the witnesses. *Hartman v. State,* 507 S.W.2d 557, 560 (Tex.Cr. App.1974), and authorities therein cited. Ground three is overruled.

The motion for rehearing is overruled and the judgment of the trial court is affirmed.

Opinion approved by the Court.