11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Abdiel Guerrero
Miranda

Appellant

Vs.                   No.
11-02-00031-CR B Appeal from Harris County

State of Texas

Appellee

 

The
trial court convicted appellant, upon his plea of guilty, of the aggravated
sexual assault of his stepson.  Pursuant
to a plea bargain agreement, the trial court assessed punishment at confinement
for 10 years.  We affirm.

Appellant=s court-appointed counsel has filed a brief in which he
conscientiously reviews the record and the applicable law and concludes that
the appeal is frivolous.  In his brief,
counsel details the indictment, pretrial proceedings, the admonishments given
appellant, appellant=s judicial confession, the proceedings at
trial, and the effectiveness of trial counsel. 
Counsel states that no reversible error is present at these stages of
the trial and that trial counsel afforded appellant reasonably effective
assistance.  Following the procedures
outlined in Anders v. California, 386 U.S. 738 (1967), and Gainous v. State,
436 S.W.2d 137 (Tex.Cr.App.1969), counsel presents one  arguable issue on appeal.  








Counsel
contends that the trial court erred in overruling appellant=s motion for new trial. 
In his motion for new trial, appellant contended that his due process
rights were violated and that he received a heavier sentence because his wife,
the victim=s mother, was unable to testify that both
she and the victim wanted appellant to be placed on community supervision.  Appellant contended that the Children=s Protective Services took his wife=s child from her in the jury room prior to the plea
negotiations and that a ANameless Deputy@ harassed his wife and tried to take her cell phone.  Appellant stated in his motion for new trial
that his defense counsel had to get the bailiff to eject the ANameless Deputy,@ and that his wife became so upset that
she was unable to testify.  The record
does not reflect that the trial court abused its discretion in denying the
motion for new trial.  Salazar v. State,
38 S.W.3d 141 (Tex.Cr.App.2001); State v. Gonzalez, 855 S.W.2d 692
(Tex.Cr.App.1993); Appleman v. State, 531 S.W.2d 806 (Tex.Cr.App.1975).  The issue is overruled.

Counsel
has furnished appellant with a copy of the brief and has advised appellant of
his right to review the record and file a pro se brief.  A pro se brief has not been filed.  Counsel has complied with the procedures
outlined in Anders v. California, supra; Stafford v. State, 813 S.W.2d 503
(Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, supra.

Following
the procedures outlined in Anders, we have independently reviewed the
record.  We agree that the appeal is
without merit.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

July 18, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.