NO. 07-06-0277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 31, 2008
______________________________

GEORGE RAY HOLMES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 159TH/217TH DISTRICT COURT OF ANGELINA COUNTY;

NO. 26,009; HONORABLE DAVID V. WILSON, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant George Ray Holmes appeals from his conviction by jury of assault of a
public servant and his resulting sentence of eight years imprisonment in the Institutional
Division of the Texas Department of Criminal Justice. Through four issues, appellant
contends that the trial court abused its discretion in denying his motion for new trial, his
counsel provided ineffective assistance, and the evidence is legally and factually
insufficient to support his conviction. We affirm.
 
Background
          Appellant was indicted for aggravated robbery and assault of a public servant, a
police officer, occurring in 2005.


 The indictment also contained an enhancement
paragraph, setting forth appellant’s previous felony conviction for unauthorized use of a
motor vehicle.


 The indicted charges were tried together. 
          At trial, Officer Starlan Glawson testified that he responded to a call from Officer
Robert Scott to provide back-up for the stop of a car involved in a robbery. The suspect,
identified by him at trial as appellant, fled, and Glawson pursued. He caught appellant,
yelled, “Stop. Police.” When he tried to grab appellant by the shoulders, appellant spun
around to the left and hit Glawson in the neck with what felt like a closed-fist punch. 
Glawson testified that it hurt and injured him.
          Officer Scott testified similarly. He said the officers ran after the fleeing appellant
and Glawson first caught appellant. When Scott reached them, Glawson told him that
when he tried to detain appellant, appellant turned around and hit him in the throat. 
          The jury acquitted appellant of the first degree aggravated robbery charge but found
him guilty of assault of a public servant. Appellant filed a motion for new trial and on its
denial, filed this appeal.
Analysis
          Appellant’s points of error all focus on Glawson’s testimony about which hand
appellant used to strike him in the neck. On cross-examination, the following exchange
occurred:
Appellant’s counsel:Sir, which hand are you alleging that he struck
you with, his right or his left hand?
Glawson:I believe it was his right hand because, when he
spun around, he spun around to his left. And so
that would make it, I believe, his right hand.
 
          Appellant testified in his defense, and denied striking Glawson. He also testified he
had no mobility in his right arm because of a 2002 gunshot wound. He denied he was
capable of punching or striking someone with his right arm. Asked to describe his
impairment, he said he had an artificial elbow, and he “didn’t have the proper therapy, and
it froze up on me.” The prosecutor asked appellant if he had medical records to back up
his claim of impairment. Appellant responded that he could “provide them for you.” 
Ineffective Assistance of Counsel
          Appellant’s ineffective assistance claim is based on his trial counsel’s failure to
introduce his medical records at trial to show that he was physically incapable of
committing the offense for which he was charged.
 
          Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and
Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) set forth the two-pronged
test that must be satisfied to prove an ineffective assistance of counsel claim. Under the
first part of the Strickland test, an appellant must show that counsel's performance was
deficient. "This requires showing that counsel made errors so serious that counsel was not
functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 
Strickland, 466 U.S. at 687; Young v. State, 991 S.W.2d 835, 837 (Tex. Crim.App. 1999). 
This part of the test carries "a strong presumption that counsel's conduct falls within the
wide range of reasonable professional assistance.” Ahmadi v. State, 864 S.W.2d 776,
782 (Tex.App.–Fort Worth 1993, pet. ref’d), citing Kimmelman v. Morrison, 477 U.S. 365,
381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Thus, a record that is silent as to counsel’s
strategy generally is not sufficiently developed to enable appellant to overcome the
presumption of effective assistance of counsel. See Rylander v. State, 101 S.W.3d 107
(Tex.Crim.App. 2003) (stating, “[w]e have previously stated that the record on direct appeal
will generally not be sufficient to show that counsel's representation was so deficient as to
meet the first part of the Strickland standard as the reasonableness of counsel's choices
often involves facts that do not appear in the appellate record”). The appellant must
overcome this presumption by a preponderance of the evidence. Id.; Cannon v. State, 668
S.W.2d 401, 403 (Tex.Crim.App. 1984). 
 
          Under the second part of the Strickland test, the appellant must show that the
deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. This requires
showing that “counsel's errors were so serious as to deprive the defendant of a fair trial,
a trial whose result is reliable." Id. In other words, the appellant must show that there is
a reasonable probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different. Id. See also Young, 991 S.W.2d at 837.
          In applying this test, an appellate court should not try to second guess trial counsel’s
tactical decisions that do not fall below the threshold of the objective standard of
reasonableness. Id. An individual has a right to effective, not errorless, representation. 
Bridge v. State, 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). In determining whether
counsel’s assistance is effective, the court must look at counsel’s representation of the
defendant as a whole, and not merely at isolated errors. Ex parte Kunkle, 852 S.W.2d
499, 505 (Tex.Crim.App. 1993); Cannon, 668 S.W.2d at 403. An allegation of ineffective
assistance must be firmly founded in the record. Thompson v. State, 9 S.W.3d 808, 813
(Tex.Crim.App. 1999). 
          Appellant contends the failure of his trial counsel to have his medical records
available for admission as evidence could not have resulted from a reasonable trial
strategy. The State points out that appellant was on trial both for the assault and
aggravated robbery charges, and the medical records to which appellant apparently is
referring mention that his 2002 gunshot wound was suffered in an altercation with police
officers. The State also points to statements in the records that the jury could have taken
as contrary to appellant’s testimony, and posits that counsel reasonably could have chosen
a strategy of simply having appellant describe his prior injury and impairment from the
witness stand rather than attempt to establish it with medical records.


 We agree with the
State. See Strickland, 466 U.S. at 689 (noting there are countless ways to provide
effective assistance in any given case). The record does not demonstrate that counsel’s
decisions fell below the threshold of the objective standard of reasonableness. 
Accordingly, we will not speculate on the reasons behind counsel’s actions with regard to
use of appellant’s medical records at trial. See Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994) (also declining to speculate on counsel’s reasons for trial decision).
Appellant has not met the first prong of the Strickland test


 and we overrule his third point
of error.
Denial of Motion for New Trial
          In appellant’s first point of error, he contends the trial court abused its discretion by
denying his motion for new trial. In his motion, appellant challenged the sufficiency of the
evidence to support his conviction and challenged the effectiveness of his trial counsel’s
assistance.


 The motion was denied after an evidentiary hearing.


 
          Underlying appellant’s complaint here is his contention that his medical records,
presented to the trial court for its consideration in ruling on his motion for new trial,
conclusively showed his inability to commit the offense for which he was convicted. 
Consistent with his trial testimony, appellant testified at the motion hearing that the 2002
gunshot wound left him with a limited range of motion in his right elbow and limited
movement in his right hand. 
          In his argument on this point of error, appellant reiterates his contention trial counsel
was ineffective. Having already addressed that contention, we focus on appellant’s
complaint of the denial of his motion for new trial. It is within the trial court’s sound
discretion to grant or deny a motion for new trial. We do not disturb the trial court’s
decision unless it abused its discretion. Waller v. State, 931 S.W.2d 640, 644
(Tex.App.–Dallas 1996), citing Appleman v. State, 531 S.W.2d 806, 810 (Tex.Crim.App.
1976) (op. on reh’g). A trial court abuses its discretion “when it acts unreasonably or
without regard for any guiding legal principles.” Montgomery v. State, 810 S.W.2d 372,
380 (Tex.Crim.App. 1990) (op. on reh’g).
          At trial, Officer Glawson testified that he believed appellant struck him with his right
hand while appellant maintained that he did not hit him and could not have done so
because of the lack of mobility of his right elbow and hand. Appellant’s contention on
appeal is simply that his motion for new trial should have been granted because his
medical records, provided to the trial court before its ruling on the motion, conclusively
demonstrated he was physically incapable of striking the officer as alleged.


 
          We note initially that appellant does not cite us to authority holding a trial court
abuses its discretion by denying a new trial on the basis of evidence that was available to
the defendant but not introduced at trial. Cf. Wallace v. State, 106 S.W.3d 103, 107-08
(Tex.Crim.App. 2003); State v. Moore, 240 S.W.3d 324, 328-29 (Tex.App.–Austin 2007,
pet. ref’d), citing Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon 2006) (new trial must be
granted where material evidence favorable to the accused has been discovered since trial). 
We need not address that proposition here. The medical records contained in the
appellate record do contain statements indicating appellant experienced stiffness,
“freezing” and locking of his right elbow and hand, but we do not agree they demonstrate
he was “physically incapable” of committing the offense. Moreover, the State’s case did
not rest on proof that appellant hit the officer with his right hand. Having reviewed the
entire record, we agree with the State the jury could have believed Glawson was confused
or mistaken as to whether appellant struck him with his right or left hand and still found him 
guilty of assaulting the officer. We find no abuse of discretion in the trial court’s denial of
appellant’s motion for new trial and overrule his first issue.
Sufficiency of the Evidence
          In appellant’s remaining issues, he challenges the sufficiency of the evidence to
support his conviction. In reviewing issues of legal sufficiency, an appellate court views the
evidence in the light most favorable to the verdict to determine whether a rational fact
finder could have found each element of the offense beyond a reasonable doubt. 
Swearingen v. State, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); Conner v. State, 67
S.W.3d 192, 197 (Tex.Crim.App. 2001), citing Jackson v. Virginia, 443 U.S. 307, 319, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979). If, based on all the evidence, a reasonably-minded jury
must necessarily entertain a reasonable doubt of the defendant’s guilt, due process
requires that we reverse and order a judgment of acquittal. Swearingen, 101 S.W.3d at
95, citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), cert. denied, 507
U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). 
          A factual sufficiency review of the evidence is “barely distinguishable” from the legal
sufficiency review under Jackson v. Virginia. Marshall v. State, 210 S.W.3d 618, 625
(Tex.Crim.App. 2006). A factual sufficiency review considers whether the evidence
supporting guilt, though legally sufficient, is so weak that the jury’s verdict seems clearly
wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury’s
verdict is against the great weight and preponderance of the evidence. Id.; Watson v.
State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Crim.App. 2000). In a factual sufficiency review, we again consider all the evidence,
but now in a neutral light. Marshall, 210 S.W.3d at 625; Watson, 204 S.W.3d at 414. 
Although an appellate court’s authority to review factual sufficiency permits the court to
disagree with the fact finder’s determinations, even to a limited degree those concerning
the weight and credibility of the evidence, the appellate court must accord them due
deference. Marshall, 210 S.W.3d at 625; Johnson, 23 S.W.3d at 9. When there is a
conflict in the evidence, to find it factually insufficient we must first be able to say, with
some objective basis in the record, that the great weight and preponderance of all the
evidence contradicts the jury’s verdict. Watson, 204 S.W.3d at 417. 
          Appellant was found guilty of assault on a public servant. Pursuant to Penal Code
§ 22.01, the State had the burden to prove beyond a reasonable doubt that appellant 
intentionally, knowingly, or recklessly caused bodily injury to another person that he knows
is a public servant while the public servant is lawfully discharging an official duty. Tex. Pen.
Code Ann. § 22.01(a) and (b) (Vernon 2007). The requisite mental states of intentionally,
knowingly and recklessly are defined by statute. See Tex. Penal Code Ann. § 6.03
(Vernon 2003). Bodily injury is defined as “physical pain, illness or any impairment of
physical condition.” Tex. Penal Code Ann. § 1.07(a)(8) (Vernon 2003).
          From the officers’ testimony, a rational jury could conclude that appellant caused 
bodily injury to officer Glawson while the officer was lawfully discharging his duties. 
Appellant’s evidentiary sufficiency argument focuses again on the evidence he has limited
mobility in his right arm. As noted, during his testimony appellant denied he was capable
of punching or striking someone with his right arm. He testified also, however, that he
installs auto stereo equipment such as speakers, stereo decks and amplifiers. He
acknowledged such work required the use of two hands “most [of] the time.” The jury also
had the opportunity to observe appellant as he demonstrated the mobility of his right arm. 
We conclude that, viewed in the light most favorable to the verdict, the evidence allowed
a rational fact finder to find each element of the charged offense beyond a reasonable
doubt. Swearingen, 101 S.W.3d at 95. It is legally sufficient. 
          For two reasons, we find the evidence factually sufficient as well. First, assuming
the jury concluded appellant used his right hand to strike the officer, we find the evidence
of impairment to appellant’s right arm is not so strong that the jury’s verdict is against the
great weight and preponderance of the evidence. Marshall, 210 S.W.3d at 625. Second,
we have noted our agreement with the State that the jury rationally could have found
appellant guilty even if it concluded officer Glawson’s belief he was struck by appellant’s
right hand was mistaken. The State’s case did not rest on proof of which hand appellant
used to strike the officer. We overrule his remaining issues on appeal. Having overruled
the issues, we affirm the trial court’s judgment.
 
                                                                           James T. Campbell

                                                                                     Justice







Do not publish.