NO. 07-06-0277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 31, 2008
_____

GEORGE RAY HOLMES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 159TH/217TH DISTRICT COURT OF ANGELINA COUNTY;

NO. 26,009; HONORABLE DAVID V. WILSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant George Ray Holmes appeals from his conviction by jury of assault of a public servant and his resulting sentence of eight years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Through four issues, appellant contends that the trial court abused its discretion in denying his motion for new trial, his counsel provided ineffective assistance, and the evidence is legally and factually insufficient to support his conviction. We affirm.

Background

Appellant was indicted for aggravated robbery and assault of a public servant, a police officer, occurring in 2005.[1]  The indictment also contained an enhancement paragraph, setting forth appellant's previous felony conviction for unauthorized use of a motor vehicle.[2]  The indicted charges were tried together.

At trial, Officer Starlan Glawson testified that he responded to a call from Officer Robert Scott to provide back-up for the stop of a car involved in a robbery.  The suspect, identified by him at trial as appellant, fled, and Glawson pursued.  He caught appellant, yelled, "Stop. Police." When he tried to grab appellant by the shoulders, appellant spun around to the left and hit Glawson in the neck with what felt like a closed-fist punch.  Glawson testified that it hurt and injured him.

Officer Scott testified similarly.  He said the officers ran after the fleeing appellant and Glawson first caught appellant.  When Scott reached them, Glawson told him that when he tried to detain appellant, appellant turned around and hit him in the throat.

The jury acquitted appellant of the first degree aggravated robbery charge but found him guilty of assault of a public servant.  Appellant filed a motion for new trial and on its denial, filed this appeal.

---

[1]*See* Tex. Penal Code Ann. § 22.01(a) and (b) (Vernon 2007).  This is a third degree felony punishable by imprisonment for any term of not more than 10 years or less than 2 years.  Tex. Penal Code Ann. § 12.34 (Vernon 2003).

[2] Accordingly, appellant's sentence was enhanced pursuant to Tex. Penal Code Ann. § 12.42 (Vernon 2003).

Analysis

Appellant's points of error all focus on Glawson's testimony about which hand appellant used to strike him in the neck. On cross-examination, the following exchange occurred:

| | |
|---|---|
| Appellant's counsel: | Sir, which hand are you alleging that he struck you with, his right or his left hand? |
| Glawson: | I believe it was his right hand because, when he spun around, he spun around to his left. And so that would make it, I believe, his right hand. |

Appellant testified in his defense, and denied striking Glawson. He also testified he had no mobility in his right arm because of a 2002 gunshot wound. He denied he was capable of punching or striking someone with his right arm. Asked to describe his impairment, he said he had an artificial elbow, and he "didn't have the proper therapy, and it froze up on me." The prosecutor asked appellant if he had medical records to back up his claim of impairment. Appellant responded that he could "provide them for you."

*Ineffective Assistance of Counsel*

Appellant's ineffective assistance claim is based on his trial counsel's failure to introduce his medical records at trial to show that he was physically incapable of committing the offense for which he was charged.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) set forth the two-pronged test that must be satisfied to prove an ineffective assistance of counsel claim. Under the first part of the *Strickland* test, an appellant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687; *Young v. State,* 991 S.W.2d 835, 837 (Tex. Crim.App. 1999). This part of the test carries "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Ahmadi v. State,* 864 S.W.2d 776, 782 (Tex.App.–Fort Worth 1993, pet. ref'd), *citing Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Thus, a record that is silent as to counsel's strategy generally is not sufficiently developed to enable appellant to overcome the presumption of effective assistance of counsel. *See Rylander v. State,* 101 S.W.3d 107 (Tex.Crim.App. 2003) (stating, "[w]e have previously stated that the record on direct appeal will generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the Strickland standard as the reasonableness of counsel's choices often involves facts that do not appear in the appellate record"). The appellant must overcome this presumption by a preponderance of the evidence. *Id.*; *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App. 1984).

Under the second part of the *Strickland* test, the appellant must show that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. This requires showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In other words, the appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id. See also Young,* 991 S.W.2d at 837.

In applying this test, an appellate court should not try to second guess trial counsel's tactical decisions that do not fall below the threshold of the objective standard of reasonableness*. Id.* An individual has a right to effective, not errorless, representation. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). In determining whether counsel's assistance is effective, the court must look at counsel's representation of the defendant as a whole, and not merely at isolated errors. *Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim.App. 1993); *Cannon,* 668 S.W.2d at 403. An allegation of ineffective assistance must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

Appellant contends the failure of his trial counsel to have his medical records available for admission as evidence could not have resulted from a reasonable trial strategy. The State points out that appellant was on trial both for the assault and aggravated robbery charges, and the medical records to which appellant apparently is referring mention that his 2002 gunshot wound was suffered in an altercation with police officers. The State also points to statements in the records that the jury could have taken

as contrary to appellant's testimony, and posits that counsel reasonably could have chosen a strategy of simply having appellant describe his prior injury and impairment from the witness stand rather than attempt to establish it with medical records.[3]  We agree with the State.  *See Strickland,* 466 U.S. at 689 (noting there are countless ways to provide effective assistance in any given case). The record does not demonstrate that counsel's decisions fell below the threshold of the objective standard of reasonableness. Accordingly, we will not speculate on the reasons behind counsel's actions with regard to use of appellant's medical records at trial.  *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994) (also declining to speculate on counsel's reasons for trial decision). Appellant has not met the first prong of the *Strickland* test[4] and we overrule his third point of error.

*Denial of Motion for New Trial*

In appellant's first point of error, he contends the trial court abused its discretion by denying his motion for new trial.  In his motion, appellant challenged the sufficiency of the

---

[3] During his trial testimony, appellant's counsel asked him to hold up his right arm and inquired as to his range of motion.

[4] We need not examine both *Strickland* prongs if one cannot be met.  *Blumenstetter v. State,* 135 S.W.3d 234, 242 (Tex.App.–Texarkana 2004, no pet.), *citing Strickland,* 466 U.S. at 697.

evidence to support his conviction and challenged the effectiveness of his trial counsel's assistance.[5] The motion was denied after an evidentiary hearing.[6]

Underlying appellant's complaint here is his contention that his medical records, presented to the trial court for its consideration in ruling on his motion for new trial, conclusively showed his inability to commit the offense for which he was convicted. Consistent with his trial testimony, appellant testified at the motion hearing that the 2002 gunshot wound left him with a limited range of motion in his right elbow and limited movement in his right hand.

In his argument on this point of error, appellant reiterates his contention trial counsel was ineffective. Having already addressed that contention, we focus on appellant's complaint of the denial of his motion for new trial. It is within the trial court's sound discretion to grant or deny a motion for new trial. We do not disturb the trial court's decision unless it abused its discretion. *Waller v. State,* 931 S.W.2d 640, 644 (Tex.App.–Dallas 1996), *citing Appleman v. State,* 531 S.W.2d 806, 810 (Tex.Crim.App. 1976) (op. on reh'g). A trial court abuses its discretion "when it acts unreasonably or without regard for any guiding legal principles." *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (op. on reh'g).

---

[5] Appellant was appointed a different attorney to file a motion for new trial and represent appellant on appeal.

[6] The hearing ended with appellant's counsel asking the trial court to withhold its ruling until counsel was able to obtain medical records in admissible form. The record reflects that counsel later sent the trial court a letter with the medical records in proper form. Four days later, the trial court denied appellant's motion for new trial.

At trial, Officer Glawson testified that he believed appellant struck him with his right hand while appellant maintained that he did not hit him and could not have done so because of the lack of mobility of his right elbow and hand. Appellant's contention on appeal is simply that his motion for new trial should have been granted because his medical records, provided to the trial court before its ruling on the motion, conclusively demonstrated he was physically incapable of striking the officer as alleged.[7]

We note initially that appellant does not cite us to authority holding a trial court abuses its discretion by denying a new trial on the basis of evidence that was available to the defendant but not introduced at trial. *Cf. Wallace v. State,* 106 S.W.3d 103, 107-08 (Tex.Crim.App. 2003); *State v. Moore,* 240 S.W.3d 324, 328-29 (Tex.App.–Austin 2007, pet. ref'd), *citing* Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon 2006) (new trial must be granted where material evidence favorable to the accused has been discovered since trial). We need not address that proposition here. The medical records contained in the appellate record do contain statements indicating appellant experienced stiffness, "freezing" and locking of his right elbow and hand, but we do not agree they demonstrate he was "physically incapable" of committing the offense. Moreover, the State's case did not rest on proof that appellant hit the officer with his right hand. Having reviewed the entire record, we agree with the State the jury could have believed Glawson was confused or mistaken as to whether appellant struck him with his right or left hand and still found him

---

[7] The medical records indicate appellant's treatment during the years 2002 and 2003. As noted, the offense for which appellant was convicted was committed in 2005.

8

guilty of assaulting the officer. We find no abuse of discretion in the trial court's denial of appellant's motion for new trial and overrule his first issue.

*Sufficiency of the Evidence*

In appellant's remaining issues, he challenges the sufficiency of the evidence to support his conviction. In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether a rational fact finder could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), *citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If, based on all the evidence, a reasonably-minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95, *citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

A factual sufficiency review of the evidence is "barely distinguishable" from the legal sufficiency review under *Jackson v. Virginia*. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). A factual sufficiency review considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Id.; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11

9

(Tex.Crim.App. 2000). In a factual sufficiency review, we again consider all the evidence, but now in a neutral light. *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414. Although an appellate court's authority to review factual sufficiency permits the court to disagree with the fact finder's determinations, even to a limited degree those concerning the weight and credibility of the evidence, the appellate court must accord them due deference. *Marshall*, 210 S.W.3d at 625; *Johnson*, 23 S.W.3d at 9. When there is a conflict in the evidence, to find it factually insufficient we must first be able to say, with some objective basis in the record, that the great weight and preponderance of all the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417.

Appellant was found guilty of assault on a public servant. Pursuant to Penal Code § 22.01, the State had the burden to prove beyond a reasonable doubt that appellant intentionally, knowingly, or recklessly caused bodily injury to another person that he knows is a public servant while the public servant is lawfully discharging an official duty. Tex. Pen. Code Ann. § 22.01(a) and (b) (Vernon 2007). The requisite mental states of intentionally, knowingly and recklessly are defined by statute. *See* Tex. Penal Code Ann. § 6.03 (Vernon 2003). Bodily injury is defined as "physical pain, illness or any impairment of physical condition." Tex. Penal Code Ann. § 1.07(a)(8) (Vernon 2003).

From the officers' testimony, a rational jury could conclude that appellant caused bodily injury to officer Glawson while the officer was lawfully discharging his duties. Appellant's evidentiary sufficiency argument focuses again on the evidence he has limited mobility in his right arm. As noted, during his testimony appellant denied he was capable

10

of punching or striking someone with his right arm.  He testified also, however, that he installs auto stereo equipment such as speakers, stereo decks and amplifiers.  He acknowledged such work required the use of two hands "most [of] the time."  The jury also had the opportunity to observe appellant as he demonstrated the mobility of his right arm.  We conclude that, viewed in the light most favorable to the verdict, the evidence allowed a rational fact finder to find each element of the charged offense beyond a reasonable doubt.  *Swearingen,* 101 S.W.3d at 95.  It is legally sufficient.

For two reasons, we find the evidence factually sufficient as well.  First, assuming the jury concluded appellant used his right hand to strike the officer, we find the evidence of impairment to appellant's right arm is not so strong that the jury's verdict is against the great weight and preponderance of the evidence.  *Marshall*, 210 S.W.3d at 625.  Second, we have noted our agreement with the State that the jury rationally could have found appellant guilty even if it concluded officer Glawson's belief he was struck by appellant's right hand was mistaken.  The State's case did not rest on proof of which hand appellant used to strike the officer. We overrule his remaining issues on appeal.  Having overruled the issues, we affirm the trial court's judgment.


James T. Campbell
Justice


Do not publish.


11